Beverly STORY, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Fresh Express and Mid–Century Insurance Company, Respondents.

No. 95CA0446.

Colorado Court of Appeals, Div. III.

Dec. 7, 1995.

Jon C. Thomas, P.C., Jon C. Thomas, Colorado Springs, for Petitioner.

Jones, Waters, Bennett, Hessel & Cross, L.L.C., Chad J. Hessel, Colorado Springs, for Respondents Fresh Express and Mid–Century Ins. Co.

No Appearance for Respondent The Indus. Claim Appeals Office of State.

Opinion by Judge JONES.

Beverly Story (claimant) seeks review of an order of the Industrial Claim Appeals Panel (Panel) which set aside an order allowing her to change treating physicians. We affirm in part, set aside in part, and remand with directions.

On April 24, 1992, while working at Fresh Express (employer), claimant sustained an admitted cervical muscle strain when her head and neck became stuck in a conveyor belt. Claimant was taken to a clinic for treatment and, over the course of nine months, returned to that same clinic periodically to receive additional treatments, including physical therapy.

On December 15, 1992, one of claimant's treating physicians, Dr. Bergland, placed her at maximum medical improvement (MMI) and released her to her former employment with no evidence of permanent impairment.

Prompted by recurring pain in her neck and head, on April 12, 1993, claimant requested additional medical benefits and a change in treating physicians. On August 3, 1993, claimant sought a hearing on her requests and, thereafter, filed a motion to endorse the additional issue of whether she was "in need of additional treatment" because she "ha[d] not reached maximum medical improvement."

A hearing was set originally for November 3, 1993, but did not take place. However, on January 25, 1994, claimant renewed her request for the hearing and this time also specifically raised the issue of whether temporary total disability benefits should be reinstated.

At the hearing conducted on May 2, 1994, claimant called as a witness Dr. Timothy O. Hall who testified that, in his opinion, claimant had not reached MMI and could benefit from additional treatment to return her to "optimum wellness." Based largely on the testimony of Dr. Hall, the Administrative Law Judge (ALJ) concluded that claimant had established she was in need of continued medical care and was unable to return to gainful employment absent an increase in her physical functioning. Based upon these findings, the ALJ concluded that claimant had made a "proper showing" for a change of physicians to Dr. Hall who was to "provide the ongoing reasonable and necessary care to claimant...."

Employer and its insurer sought review of the ALJ's order and the Panel set the order aside. The Panel concluded the ALJ had, in effect, determined that claimant had not reached MMI, but had exceeded her jurisdiction in making such a determination because no independent medical examination (IME) was conducted as required under § 8–42–107(8)(b), C.R.S. (1995 Cum.Supp.). Claimant now seeks review of the Panel's order.

Claimant contends that, upon a proper showing, she is entitled to a change in treating physicians at any time, even after reaching MMI, and that the Panel, therefore, erred in setting aside the ALJ's order. We agree that claimant was entitled to change physicians after having reached MMI to the extent that that change was for purposes of obtaining future medical treatment to relieve the effects of her industrial injury or to prevent future deterioration of her work-related condition. *See Grover v. Industrial Commission,* 759 P.2d 705 (Colo.1988); *Milco Construction v. Cowan,* 860 P.2d 539

(Colo.App.1992). However, to the extent claimant was seeking a change in physicians to obtain treatment for purposes of further curing her injury, *i.e.*, reaching MMI, or to obtain reinstatement of temporary total disability benefits, we conclude that the Panel was correct in setting aside the ALJ's order.

Section 8–43–404(5)(a), C.R.S. (1995 Cum. Supp.) covers requests to change physicians and provides that "upon the proper showing to the division, the employee may procure its permission *at any time* to have a physician of the employee's selection attend said employee.... " (emphasis added) Based upon the plain language of this section, we see no reason why a claimant would be precluded from seeking or obtaining a change in physicians after having reached MMI. *See also Grover v. Industrial Commission, supra* (claimant may be entitled to medical benefits after reaching MMI if there is substantial evidence in the record to support such benefits).

At the hearing before the ALJ, no findings were entered concerning whether claimant had presented substantial evidence that future medical treatment was necessary to relieve the effects of her industrial injury or to prevent future deterioration of her work-related condition. *See Grover v. Industrial Commission, supra; Milco Construction v. Cowan, supra.* Further, the *Grover* requirements for such findings were not met by the ALJ's reference to Dr. Hall's testimony that: "Claimant needed to have a short regime of physical therapy and ... some work hardening to return to her optimum wellness."

We agree with the Panel that claimant's request to change physicians amounted to a constructive challenge of her treating physician's determination that she had reached MMI and was subject to the provisions of § 8–42–107(8)(b), C.R.S. (1995 Cum.Supp.). That section, which applies to injuries occurring on or after July 1, 1991, sets forth the procedures by which one may challenge an authorized treating physician's finding of MMI and provides as follows:

> The authorized treating physician who has provided the primary care shall determine when the injured employee reaches maximum medical improvement as defined in section 8–40–201 (11.5). If either party disputes the authorized treating physician's finding of maximum medical improvement, the parties may select an independent medical examiner by mutual agreement. The finding of such independent medical examiner shall be binding on the parties and on the division. If the parties are unable to mutually agree on the selection of an independent medical examiner, the division shall select an independent medical examiner from a list of independent medical examiners maintained by the division. The finding of such independent medical examiner regarding maximum medical improvement shall be overcome only by clear and convincing evidence. *A hearing on this matter shall not take place until the finding of the independent medical examiner selected by the director has been filed with the division.*

(emphasis added)

Section 8–42–107(8)(b) requires an IME prior to any hearing disputing the validity of the authorized treating physician's finding of MMI. We conclude that, absent such an IME, an ALJ has no jurisdiction to resolve such a dispute.

As noted above, here, claimant's request to change physicians was, in part, a constructive challenge of Dr. Bergland's determination that she had reached MMI on December 15, 1992. Because no IME was conducted or submitted prior to the hearing as required by § 8–42–107(8)(b), to the extent claimant's request to change physicians was for purposes of obtaining treatment to further cure her injury, to reach MMI, or to obtain reinstatement of temporary total disability benefits, the ALJ exceeded her jurisdiction and authority in granting the request.

Accordingly, the Panel's order setting aside the change in physicians is affirmed to the extent that the ALJ's order authorized medical treatment to bring claimant to MMI. However, the Panel's order is set aside and the cause is remanded for a determination of and entry of findings, appropriately within the ALJ's jurisdiction, as to whether claimant demonstrated that future medical treat-

ment is necessary to relieve the effects of her industrial injury or to prevent further deterioration of her work-related condition.

RULAND and BRIGGS, JJ., concur.