In the Matter of the Claims of the DEPENDENTS OF Anthony B. NUNNALLY, Deceased, Petitioners,

v.

WAL-MART STORES, INC., National Union Fire Insurance Company, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 96CA0509.

Colorado Court of Appeals, Div. III.

Oct. 24, 1996.

Rehearing Denied Dec. 12, 1996.

Certiorari Denied Aug. 25, 1997.

of the deceased employee, Anthony B. Nunnally (Nunnally), petition for review of a final order of the Industrial Claim Appeals Panel denying their claim for permanent partial disability (PPD) benefits. We affirm.

Nunnally suffered an admitted industrial injury during his employment with Wal–Mart Stores, Inc. Following his injury, Nunnally committed suicide. Although his authorized treating physician had not determined that Nunnally had reached maximum medical improvement (MMI) before Nunnally's death, shortly after it occurred the physician expressed the opinion that, if he had lived, Nunnally's permanent impairment rating would have been approximately 18%.

The Administrative Law Judge (ALJ) found that Nunnally's death was a result of his industrial injury and ordered Wal–Mart and its insurer, National Union Fire Insurance Co. (respondents), to pay death benefits to claimants. This controversy arose because claimants also assert entitlement to PPD benefits.

Following a hearing, the ALJ agreed with respondents that claimants were not entitled to PPD benefits. The Panel affirmed.

■ Claimants contend that the Panel erred in denying them PPD benefits and, further, assert that they are entitled to penalties for respondents' refusal to pay such benefits. We disagree.

■ Dependents are entitled to any accrued and unpaid portion of the compensation or benefits up to the time of the injured employee's death. Section 8–41–503, C.R.S. (1996 Cum.Supp.). "Accrue" means "to come into existence as an enforceable claim: vest as a right." *Estate of Huey v. J.C. Trucking, Inc.,* 837 P.2d 1218, 1221 (Colo.1992). PPD benefits do not come into existence as an enforceable claim or vest as a right until MMI is reached. *See Golden Animal Hospital v. Horton,* 897 P.2d 833 (Colo.1995) (MMI is the appropriate point to determine the award of permanent disability benefits; interpreting the minors' statute, § 8–42–102(4), C.R.S. (1996 Cum.Supp.)). *See* § 8–42–107, C.R.S. (1996 Cum.Supp.).

Richard K. Blundell, Greeley, for Petitioners.

Clifton, Hook & Bovarnick, P.C., Richard A. Bovarnick, Denver, for Respondents Wal–Mart Stores, Inc., and National Union Fire Insurance Company.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge ROTHENBERG.

In the workers' compensation proceeding, claimants, who are the surviving dependents

**28**

Thus, the controlling issue here is whether Nunnally had reached MMI so as to entitle his dependents to PPD benefits. We agree with the Panel that he had not.

MMI exists when the underlying condition causing the disability has become stable and no further treatment will improve that condition. Section 8–40–201(11.5), C.R.S. (1996 Cum.Supp.); *Reynolds v. Industrial Claim Appeals Office,* 794 P.2d 1080 (Colo.App. 1990). An authorized treating physician makes the initial determination of MMI. *See* § 8–42–107(8)(b), C.R.S. (1996 Cum.Supp.).

According to claimants, Nunnally was at MMI as a matter of law because death is the ultimate stable condition and no treatment can ever improve that condition. We are not persuaded.

The pronouncement of MMI by an authorized treating physician entitles either the employer or injured employee to request an independent medical examination (IME). *See* § 8–42–107(8)(b). Obviously, a deceased employee can neither request an IME nor undergo the examination contemplated by the statute. Thus, we conclude the General Assembly logically premised enactment of the IME procedure upon an assumption that the employee is alive to participate therein. *See* § 2–4–201, C.R.S. (1980 Repl.Vol. 1B); *McKinley v. Bronco Billy's,* 903 P.2d 1239 (Colo.App.1995) (in construing workers' compensation statutes, court presumes the General Assembly intended a just and reasonable result, and should construe statute to avoid an absurd result).

We therefore conclude that the provisions of § 8–42–107(8)(b) were not triggered as a matter of law by Nunnally's death and, because he was not at MMI when he died, the Panel did not err in denying his dependents PPD benefits and penalties.

We also reject claimants' related contention, that the ALJ lacked jurisdiction to hear the PPD issue because respondents did not dispute the authorized treating physician's impairment rating by requesting an IME.

Absent an IME, an ALJ lacks jurisdiction to hear a dispute as to MMI under § 8–42–107(8)(b). *See Story v. Industrial*

*Claim Appeals Office,* 910 P.2d 80 (Colo.App. 1995). Here, however, the hearing before the ALJ did not involve a dispute regarding MMI as contemplated by § 8–42–107(8)(b) because the provisions of that statute had not yet been triggered. As noted, the issue was whether Nunnally's death caused him to reach MMI as a matter of law, and whether claimants were entitled to PPD benefits and penalties on that basis.

Under these circumstances, the ALJ had jurisdiction to consider the claimants' entitlement to a post-mortem award of PPD benefits.

Order affirmed.

JONES and BRIGGS, JJ., concur