Billea AMES, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and Pueblo County, Respondents.

No. 02CA1895.

Colorado Court of Appeals,
Div. V.

Oct. 23, 2003.

Certiorari Denied May 3, 2004.

Steven U. Mullens, P.C., Steven U. Mullens, Pueblo, Colorado, for Petitioner.

Ken Salazar, Attorney General, Eric S. Rothaus, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Dworkin, Chambers, and Williams, P.C., Margaret Bauder Garcia, Denver, Colorado, for Respondent Pueblo County.

Opinion by Judge ROTHENBERG.

In this workers' compensation case, Billea Ames (claimant) seeks review of an order of the Industrial Claim Appeals Office (Panel) denying her request to change the physician whom Pueblo County (employer) authorized to treat her industrial injury. We set the order aside and remand for further proceedings.

Claimant sustained an admitted injury while working as a detention officer with the sheriff's department, and she was placed under the care of an authorized physician in connection with that injury.

Thereafter, claimant requested a change in the authorized treating physician, alleging that he had acted in an unprofessional manner by disclosing confidential information about her to her coworkers. Employer denied the request for change of physician, and claimant requested a hearing on the issue.

At the time of her request, the treating physician had not placed claimant at maximum medical improvement (MMI). However, after claimant's request for a change of physicians, but before the hearing, the authorized treating physician placed her at MMI with a nineteen percent whole person impairment. When claimant was placed at MMI, employer requested a division-sponsored independent medical examination (DIME) on the issue of impairment, and claimant was permitted to add the issue of MMI to employer's DIME request.

At the outset of the hearing, the ALJ concluded she lacked jurisdiction to hear claimant's request for a change of physician because a DIME was pending on the issue of MMI. Relying on *Story v. Industrial Claim Appeals Office,* 910 P.2d 80 (Colo.App.1995), the ALJ reasoned that at the time of the hearing, no request for post-MMI medical benefits was pending, and that the finding of MMI had ended claimant's entitlement to further treatment to cure and relieve the effects of her injury. *See Whiteside v. Smith,* 67 P.3d 1240, 1245 (Colo.2003)("medical treatment automatically terminate[s] if the treating physician determines that the claimant has reached MMI").

The ALJ thus concluded there was nothing to change because claimant was not currently being treated. On review, the Panel affirmed.

Claimant contends the ALJ erred in concluding she lacked jurisdiction to consider the request to change physicians and the Panel erred in upholding that ruling. We agree.

In *Story,* the claimant was placed at MMI by one of her treating physicians, and she was released with no evidence of permanent impairment. The claimant later requested

additional medical benefits and a change in treating physicians, and she filed a motion for a hearing. She also sought to add the issue of whether she was "in need of additional treatment" because she "ha[d] not reached maximum medical improvement." *Story v. Indus. Claim Appeals Office, supra*, 910 P.2d at 81.

At the hearing, the ALJ found the claimant was in need of continued medical care and granted her request for a change in physicians. The Panel set aside the order, concluding "the ALJ had, in effect, determined that claimant had not reached MMI, but had exceeded her jurisdiction in making such a determination because no [DIME] was conducted as required [by § 8–42–107(8)(b), C.R.S.2002]" (requiring that the authorized physician who has provided the primary care shall determine when the injured employee reaches MMI, and that if MMI is disputed, a DIME shall be conducted).

A division of this court agreed with the Panel that an injured claimant may not circumvent the DIME procedures by seeking a change of physician after attaining MMI. As relevant here, the division reasoned that to the extent the claimant was seeking a change in physicians "to obtain treatment for purposes of further curing her injury, *i.e.*, reaching MMI," the claimant was making a "constructive challenge" to the authorized physician's determination of MMI. *Story v. Indus. Claim Appeals Office, supra*, 910 P.2d at 82.

However, the concerns that arose in *Story* do not exist here because, on its face, claimant's request for change of physician was based solely on nonmedical reasons involving the alleged unprofessional behavior of her treating physician. Further, claimant had not been placed at MMI when she made her request, and there is no evidence to suggest she was attempting to circumvent the treating physician's finding regarding MMI. And given her allegation of unprofessional conduct, the treating physician should not have made a determination of MMI prior to the hearing.

Accordingly, we agree with claimant that where, as here, the request to change physi-

cians was made before she was placed at MMI and was based solely on the treating physician's nonmedical conduct, it was not a challenge to the treating physician's determination of MMI, and *Story* did not preclude the ALJ and the Panel from granting a change of authorized physician. *See also* § 8–43–501(1), (2)(a), C.R.S.2002 (providing a "claimant may request a review of services" regarding whether treatment is "reasonably appropriate according to accepted professional standards"). We therefore conclude the ALJ had authority to hear the claimant's request for a change in physicians.

The order is set aside and the case is remanded for further proceedings in accordance with the views in this opinion.

Judge VOGT and Judge CARPARELLI concur.