Randy BERG, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, United Parcel Services, and Liberty Mutual Group, Respondents.

No. 04CA1130.

Colorado Court of Appeals,
Div. III.

Aug. 11, 2005.

Rehearing Denied Oct. 27, 2005.

Certiorari Denied Feb. 6, 2006.

Law Office of O'Toole & Sbarbaro, P.C., John A. Sbarbaro, Denver, Colorado, for Petitioner.

John W. Suthers, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Weinberger & Serruto, P.C., Robert A. Weinberger, Denver, Colorado, for Respondents United Parcel Services and Liberty Mutual Group.

PICCONE, J.

In this workers' compensation proceeding, Randy Berg (claimant) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) which denied his petition to reopen. We set the order aside and remand with directions.

I.

In January 2002, claimant sustained a compensable back injury. His treating physician placed him at maximum medical improvement (MMI) on October 23, 2002, with a ten percent whole person impairment rating. The treating physician reported that claimant had experienced little, if any, improvement from epidural steroid and facet joint injections; opined that he was not a candidate for surgery because he had no significant radicular symptoms and multilevel involvement; noted claimant's complaints of continuing pain; and recommended only limited maintenance care and an active exercise program with proper posture and body mechanics.

United Parcel Services and its insurer, Liberty Mutual Group (collectively employer), requested a division-sponsored independent medical examination (DIME). In a February 4, 2003, report, the DIME physician agreed with the date of MMI, but assigned a whole person impairment rating of twelve percent. The DIME physician reviewed claimant's medical records and noted that he had received two opinions recommending against surgery and that claimant had obtained a second opinion on his own from a neurosurgeon who recommended surgical exploration. The DIME physician, however, did not recommend surgery based upon the lack of neurological findings and the localized myofascial pain claimant had been experiencing.

On March 7, 2003, employer filed a final admission of liability (FAL) based upon the DIME report. On March 12, 2003, claimant underwent surgery performed by his own surgeon.

The following day, claimant's attorney filed a response to the FAL accepting the permanent medical impairment rating assigned by the DIME physician, but contesting the remainder of the FAL. Claimant did not file an application for hearing within thirty days of employer's FAL. Claimant filed a petition to reopen the claim on May 21, 2003, alleging that claimant's treating physicians and the DIME physician were mistaken as to the actual cause of his back symptoms, which

was not discovered until the surgery. The petition to reopen was based upon a May 2003 letter from the surgeon stating that during surgery he found a prominent disc herniation causing compression, which was the likely cause of the right- and left-side radiculopathy and back pain experienced by claimant.

Following an evidentiary hearing, the administrative law judge (ALJ) granted claimant's petition to reopen, awarded additional temporary disability and medical benefits, and authorized claimant to change physicians. The ALJ found that claimant proved his treating physician mistakenly believed he was at MMI on October 23, 2002, that no further treatment would cure or relieve him of the effects of the industrial injury, and that claimant's medical providers were under a "mutual mistake of fact" about the nature of claimant's condition.

On review, the Panel set aside the ALJ's order. The Panel found that claimant was, in effect, challenging the FAL and the DIME physician's determination of MMI, but that he had not followed the requirements of § 8–43–203(2)(b)(II), C.R.S.2004. Therefore, the Panel determined that claimant was precluded from circumventing the conclusive effect of the DIME by seeking to reopen the MMI determination based upon mistake of fact under § 8–43–303(1), C.R.S.2004.

## II.

■ Claimant contends the Panel erred in determining that a DIME physician's uncontested finding of MMI cannot be reopened under § 8–43–303(1) based on a mistake of fact. We agree.

Disputes related to MMI are governed by § 8–42–107(8), C.R.S.2004, which requires an independent medical examination (IME) when either party disputes the MMI determination of an authorized treating physician. See Cordova v. Indus. Claim Appeals Office, 55 P.3d 186 (Colo.App.2002)(under § 8–42–107(8)(b) and (c), C.R.S.2004, a treating physician's determination as to MMI and medical impairment cannot be disputed in the absence of an IME). The opinion of the IME physician has presumptive effect unless over-

come by clear and convincing evidence. Section 8–42–107(8)(b)(III), C.R.S.2004; Magnetic Eng'g, Inc. v. Indus. Claim Appeals Office, 5 P.3d 385 (Colo.App.2000).

If the employer or insurer files a FAL based upon the DIME, the case automatically closes after thirty days as to the issues admitted unless the claimant files a written contest and requests a hearing on any disputed issues that are ripe. Section 8–43–203(2)(b)(II); see also Dyrkopp v. Indus. Claim Appeals Office, 30 P.3d 821 (Colo.App. 2001)(the language "as to the issues admitted" in § 8–43–203(2)(b)(II) must be interpreted as referring to issues on which the employer affirmatively takes a position, either by agreeing to pay benefits or by denying liability to pay benefits). Once a case has closed, the issues resolved by the FAL are not subject to further litigation unless they are reopened pursuant to § 8–43–303, C.R.S. 2004. Section 8–43–203(2)(d), C.R.S.2004; Cibola Constr. v. Indus. Claim Appeals Office, 971 P.2d 666 (Colo.App.1998).

■ Pursuant to § 8–43–303, "any award" may be reopened on the grounds of error, mistake, or change in condition. The intent of this statute is to provide a remedy to claimants who are entitled to awards of any type of benefits, whether medical or disability. Cordova v. Indus. Claim Appeals Office, supra.

■ The claimant has the burden of proof in seeking to reopen a claim. Richards v. Indus. Claim Appeals Office, 996 P.2d 756 (Colo.App.2000). The reopening authority is permissive, and whether to reopen a prior award when the statutory criteria have been met is left to the sound discretion of the ALJ. Renz v. Larimer County Sch. Dist. Poudre R–1, 924 P.2d 1177 (Colo.App.1996).

Here, the Panel determined the term "mistake" in the reopening provisions of § 8–43–303(1) does not include a mistake concerning an uncontested DIME physician's finding of MMI. The Panel concluded that it was impossible to give effect to the requirements of the DIME procedure and allow reopening of the MMI determination after closure based upon a mistake. The Panel reasoned that a contrary interpretation of § 8–43–303 would in-

vite litigation on the issue of MMI by subjecting a DIME physician's determination of MMI to collateral attack under a diminished burden of proof. According to the Panel, if § 8–43–303 were read to allow a claimant to wait until after a claim closed before challenging a DIME on the issue of MMI, the claimant would then be able to overcome the conclusive effect of the DIME by presenting only a preponderance of evidence that the DIME physician "mistakenly" found the claimant at MMI.

In construing a statute, we must determine and give effect to the intent of the General Assembly. We first resort to the statutory language, giving effect to the plain and ordinary meaning of the words used, and, as part of that task, we refrain from reading nonexistent provisions into it. *Rook v. Indus. Claim Appeals Office*, 111 P.3d 549 (Colo.App.2005).

▮▮▮ We also give due deference to the interpretation of the statute adopted by the Panel as the agency charged with its enforcement. However, we are not bound by that interpretation and will not sustain it if it is inconsistent with the clear language of the statute or with the legislative intent. *Miller v. Indus. Claim Appeals Office*, 985 P.2d 94 (Colo.App.1999). Moreover, if statutory provisions conflict, we will adopt the interpretation that best harmonizes the provisions if possible. *Lobato v. Indus. Claim Appeals Office*, 105 P.3d 220 (Colo.2005). Only when the conflict is irreconcilable, will the statute enacted later in time control. *Salazar v. Indus. Claim Appeals Office*, 10 P.3d 666 (Colo.App.2000).

We disagree with the Panel that the DIME scheme and the reopening procedures as they concern a determination of MMI are inconsistent and irreconcilable. MMI marks the point at which a claimant's condition has stabilized and no further treatment can be reasonably expected to improve the condition. *See* § 8–40–201(11.5), C.R.S.2004. MMI is also considered a matter of diagnosis. *See Colo. AFL–CIO v. Donlon*, 914 P.2d 396 (Colo.App.1995)(determinations of MMI and degree of impairment are matters of diagnosis rather than of treatment).

A mistake in diagnosis has previously been held sufficient to justify reopening. *See*

*Standard Metals Corp. v. Gallegos*, 781 P.2d 142 (Colo.App.1989)(under circumstances where there is a mistake in diagnosis because the medical technology available to the treating physician at the time of the initial order is limited, a petition to reopen based on a mistake of fact may properly be granted).

At the time a final award is entered, *available medical information may be inadequate*, a diagnosis may be incorrect, or a worker may experience an unexpected or unforeseeable change in condition subsequent to the entry of a final award. When such circumstances occur, section 8–53–113 [predecessor statute to § 8–43–303] provides recourse to both the injured worker and the employer by giving either party the opportunity to file a petition to reopen the award. The reopening provision, therefore, reflects a legislative determination that in "worker's compensation cases the goal of achieving a just result overrides the interest of litigants in achieving a final resolution of their dispute."

*Standard Metals Corp. v. Gallegos, supra*, 781 P.2d at 146 (quoting *Grover v. Indus. Comm'n*, 759 P.2d 705 (Colo.1988)).

Further, as stated in 8 A. Larson, *Larson's Workers' Compensation Law* § 131.05[2][b], at 131–62 (2004):

[T]he desirability of preserving a right to reopen for genuine mistake seems too self-evident for argument. In the nature of things, there are bound to be many occasions when even the most thorough and [skillful] diagnosis misses some hidden compensable condition. Should the claimant then be penalized because of an erroneous disposition, either by award or settlement, when the only fault lies in the imperfections of medical science?

The Panel correctly points out that the DIME procedures were enacted later and are more specific. There is nothing in either statutory scheme, however, to indicate an intention on the part of the General Assembly to limit the reopening procedure. The Panel's interpretation elevates the goal of final resolution over the protective function of the reopening process. Further, because the power to reopen is discretionary, there is an inherent protection against improper collateral attacks on a DIME determination of MMI. If a claimant files a petition to reopen

in an attempt to circumvent the DIME process and gain the advantage of a lower burden of proof, the ALJ has authority to deny it. *See Indus. Comm'n v. Cutshall*, 164 Colo. 240, 433 P.2d 765 (1967)(claimant was not entitled to have award reopened as a matter of right upon showing of mistake, and refusal to do so did not constitute an abuse of discretion where claimant failed to seek timely review of award); *see also Ames v. Indus. Claim Appeals Office*, 89 P.3d 477 (Colo.App.2003)(holding ALJ had authority to hear a change of physician request post-MMI where there was no evidence to suggest the request was a constructive challenge to the treating physician's finding of MMI).

To the extent the statement in *Cordova v. Industrial Claim Appeals Office, supra,* that an original MMI determination may never be questioned for purposes of reopening, may be read to support the Panel's determination, we consider it dictum and not controlling. *See Main Elec., Ltd. v. Printz Servs. Corp.*, 980 P.2d 522, 526 n. 2 (Colo.1999)("Dictum is not the law of the case and is not controlling precedent."). In *Cordova,* the issue to be resolved was whether a DIME submitted in support of a petition to reopen should have conclusive effect. The division affirmed the Panel's determination that under such circumstances, the opinion of a DIME physician would be relevant evidence regarding whether the claimant's condition had worsened, but that it would carry no special weight. The *Cordova* case, therefore, did not concern whether reopening based on mistake was possible where MMI was resolved by an uncontested DIME.

Here, neither party disputes that the issue of MMI was ripe for hearing at the time of claimant's surgery, that claimant had previously questioned the DIME physician's MMI determination, or that claimant's failure to properly contest employer's FAL resulted in closure of the case not long before claimant filed his petition to reopen. The undisputed facts reveal, however, that although claimant disagreed with the MMI finding and the course of treatment to that point, it was not until after his surgery that the true extent of his herniated disc became known. Further,

claimant testified that he recuperated from the surgery for two weeks, that his symptoms were still abating at the time of the hearing on his petition to reopen, that he did not return to the neurosurgeon until a month after the surgery, and that he did not fully understand the surgical findings until he received a report from the neurosurgeon in May 2003. Further, the record contains no evidence to support employer's argument that claimant made the tactical decision to let his claim close to avail himself of the lower burden of proof.

Accordingly, we are satisfied that the ALJ did not abuse her discretion in granting the petition to reopen based upon mistake.

The Panel's order is set aside, and the case is remanded for reinstatement of that part of the ALJ's order granting the petition to reopen. On remand, the Panel may consider the other issues raised by employer in its petition to review.

Judge TAUBMAN and Judge KAPELKE* concur.