Ann HEINICKE, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE of the State of Colorado, King
Soopers Inc., and Sedgwick Claims Man-
agement Services, Respondents.

No. 07CA1640.

Colorado Court of Appeals,
Div. VI.

Sept. 4, 2008.

William A. Alexander, Jr., P.C., William A. Alexander, Jr., Colorado Springs, Colorado, for Petitioner.

John W. Suthers, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Blackman & Levine, L.L.C., Lawrence D. Blackman, Denver, Colorado, for Respondents King Soopers and Sedgwick Claims Management Services.

Opinion by Judge GABRIEL.

This workers' compensation proceeding presents two issues relating to petitions for reopening under section 8–43–303, C.R.S. 2007. Claimant, Ann Heinicke (claimant), argues that once an authorized treating physician (ATP) increases a worker's physical impairment rating, a change in condition is established and reopening is required as a matter of law. She further contends that once an ATP finds an increased physical impairment resulting from the original compensable injury, an employer may not litigate the question of whether a claim should be reopened without first requesting a division-sponsored independent

medical examination (DIME). We disagree with both assertions and affirm the order of the Industrial Claim Appeals Office (Panel) denying claimant's petition to reopen her claim against her employer, King Soopers, and its insurer, Sedgwick Claims Management Services (collectively, employer).

## I. Background

Claimant sustained an admitted, work-related injury to her right shoulder and neck in February 2003. She was treated for her injury and placed at maximum medical improvement (MMI) with no physical impairment by her ATP in July 2003. Her ATP further opined that no maintenance medical care was warranted.

Employer filed a final admission of liability (FAL) in September 2003. Claimant did not contest the FAL, and the case was automatically closed pursuant to section 8–43–203(2)(b), C.R.S.2007.

In 2005, claimant informed employer that she believed her condition had deteriorated and intended to file a petition to reopen. She was referred to a different ATP, who ultimately determined that she remained at MMI but assigned her an impairment rating of seven percent of the whole person, all of which was attributable to her work-related injury. Based on the new ATP's conclusion, claimant filed a petition to reopen her claim, asserting a change in condition.

After conducting an evidentiary hearing at which claimant and several doctors testified, the administrative law judge (ALJ) found that claimant had failed to establish by a preponderance of the evidence that any change in her condition was attributable to her February 2003 work-related injury and denied her petition to reopen. The Panel affirmed, and claimant now appeals.

## II. Reopening as a Matter of Law

■ Claimant first contends that if an ATP issues an impairment rating that exceeds a prior impairment rating, then the claimant's condition has necessarily worsened, requiring reopening as a matter of law. We disagree.

■ Section 8–43–303 authorizes an ALJ to reopen "any award" on the grounds of, among other things, error, mistake, or a change in condition. *Cordova v. Indus. Claim Appeals Office,* 55 P.3d 186, 189 (Colo. App.2002). A change in condition refers either "to a change in the condition of the original compensable injury or to a change in claimant's physical or mental condition which can be causally connected to the original compensable injury." *Chavez v. Indus. Comm'n,* 714 P.2d 1328, 1330 (Colo.App. 1985); *accord Anderson v. Longmont Toyota, Inc.,* 102 P.3d 323, 330 (Colo.2004).

■ The reopening authority granted ALJs by section 8–43–303 "is permissive, and whether to reopen a prior award when the statutory criteria have been met is left to the sound discretion of the ALJ." *Cordova,* 55 P.3d at 189. The party seeking reopening bears "the burden of proof as to any issues sought to be reopened." § 8–43–303(4), C.R.S.2007. In the absence of fraud or clear abuse of discretion, the ALJ's decision concerning reopening is binding on appeal. *Jarosinski v. Indus. Claim Appeals Office,* 62 P.3d 1082, 1084 (Colo.App.2002). An abuse of discretion occurs when the ALJ's order is beyond the bounds of reason, as where it is unsupported by the evidence or contrary to law. *Id.*

■ In construing a statute, we must determine and give effect to the intent of the General Assembly. We first resort to the statutory language, giving effect to the plain and ordinary meaning of the words used, and, as part of that task, we refrain from reading nonexistent provisions into it. *Berg v. Indus. Claim Appeals Office,* 128 P.3d 270, 273 (Colo.App.2005). We also give due deference to the interpretation of the statute adopted by the Panel as the agency charged with its enforcement, although we are not bound by that interpretation if it is inconsistent with the clear language of the statute or legislative intent. *Id.*

■ Here, we agree with the Panel's determination that an ALJ is not required to reopen a claim based upon a worsened condition whenever an ATP finds increased impairment following MMI. We find no statuto-

ry or precedential authority supporting such mandatory reopening, and claimant cites none. Indeed, claimant's argument that an increased impairment rating in and of itself mandates reopening ignores the requirement that a claimant also establish causation. In addition, this argument contravenes the settled principle that reopening is permissive and left to the sound discretion of the ALJ. *See Cordova,* 55 P.3d at 189.

■ Nor do we agree with claimant's assertion that an ATP's increased impairment determination amounts to the commencement of a new claim, subject to the procedures set forth in section 8–42–107, C.R.S. 2007. This argument is contrary to the statutory scheme of the Workers' Compensation Act, in which the legislature has enacted different statutory provisions to govern determinations of (1) impairment and MMI in connection with the award of permanent partial disability (PPD) benefits and (2) petitions to reopen. The former are determined by section 8–42–107, and the latter are decided under section 8–42–303. Although section 8–42–107(8), C.R.S.2007, places MMI determinations in an ATP's hands when PPD is at issue, section 8–43–303 contains no similar provision. *Cf. Cordova,* 55 P.3d at 190 (rejecting a claimant's effort to characterize a disputed petition to reopen as a dispute involving MMI).

■ Moreover, the policies underlying these provisions are different. Section 8–42–107 reflects concerns for finality, while section 8–43–303 "reflects a legislative determination that in 'worker's compensation cases the goal of achieving a just result overrides the interest of litigants in achieving a final resolution of their dispute.'" *Standard Metals Corp. v. Gallegos,* 781 P.2d 142, 146 (Colo. App.1989) (quoting *Grover v. Indus. Comm'n,* 759 P.2d 705, 712 (Colo.1988)). Accordingly, section 8–43–303 leaves to the ALJ's sound discretion the question of whether reopening is warranted in a particular case.

■ Finally, even when PPD is at issue, an ATP's opinion does not alone establish a right to benefits. To the contrary, a worker must first show that his or her impairment was caused by a work-related injury. *See Snyder v. Indus. Claim Appeals Office,* 942 P.2d 1337, 1339 (Colo.App.1997) ("The right to workers' compensation benefits, including medical payments, arises only when an injured employee initially establishes, by a preponderance of the evidence, that the need for medical treatment was proximately caused by an injury arising out of and in the course of the employment."). Where causation cannot be established, any impairment rating rendered by the ATP is inconsequential.

Likewise, in the context of a petition to reopen, section 8–43–303 requires a threshold showing of either a change in the condition of the original compensable injury or a change in the claimant's physical or mental condition that is causally connected to the original compensable injury. *See Chavez,* 714 P.2d at 1330. Absent such a showing, a claim is not subject to reopening, and the ATP's opinion becomes immaterial.

For these reasons, we reject claimant's argument that an ATP's finding of increased impairment requires reopening as a matter of law.

### III. Prehearing DIME Requirement for Reopening

■ Claimant next contends that because section 8–42–107(8)(c), C.R.S.2007, prohibits an ALJ from conducting a hearing in which impairment is contested until a DIME has been performed, employer was likewise required to obtain a DIME before litigating claimant's petition to reopen. Again, we do not agree.

As claimant correctly observes, a DIME must procedurally precede a hearing contesting an ATP's determinations of MMI and medical impairment in open claims seeking PPD benefits. § 8–42–107(8)(b)(III), (c), C.R.S.2007. This case, however, does not involve such a dispute. Rather, this case involves a petition to reopen under section 8–43–303, and nothing in section 8–42–107(8)(b)(III) or (c) suggests that those provisions apply in this context. Nor does section 8–43–303 contain an analogous requirement that a DIME precede a hearing on reopening, and, as noted above, the policies

underlying the respective provisions are different.

Claimant argues that *Williams v. Kunau,* 147 P.3d 33 (Colo.2006), necessitates our reading a prehearing DIME requirement into the reopening statute. We are not persuaded.

In *Williams,* 147 P.3d at 38, the supreme court determined that section 8–42–107.2, C.R.S.2007, was ambiguous as to the proper procedure for FAL closure of a case after a DIME determines that the claimant was not at MMI and the ATP makes a second determination that the claimant has reached MMI. This ambiguity had resulted in conflicting interpretations of the statute by various divisions of this court. *Compare Williams v. Indus. Claim Appeals Office,* 128 P.3d 335, 337–38 (Colo.App.) (holding that DIME process had closed and the claimant was required to reinitiate DIME process when the employer filed an FAL to close the case), *rev'd sub nom. Williams v. Kunau,* 147 P.3d 33 (Colo.2006), *with Stefanski v. Indus. Claim Appeals Office,* 128 P.3d 282, 284 (Colo.App.2005) (holding that DIME process remained open and the claimant was not required to request a follow-up DIME), *aff'd sub nom. Sanco Indus. v. Stefanski,* 147 P.3d 5 (Colo.2006). The supreme court interpreted the statute to eliminate the ambiguity by holding that the legislature intended DIMEs to remain open and that no FAL could be filed until the DIME physician concluded that the claimant was at MMI. *Williams,* 147 P.3d at 39–40.

Here, unlike the statute at issue in *Williams,* section 8–43–303 is clear and unambiguous. It contains no requirement that a DIME be performed before a hearing can be held on a petition to reopen. Nor have conflicting interpretations of section 8–43–303 emerged among divisions of this court. Moreover, where the legislature has desired to incorporate a prehearing DIME requirement, it has done so expressly. *See* § 8–42–107(8)(b)(III), (c). We must presume that the General Assembly's omission of such a requirement in the reopening statute was not unintentional. *See Auman v. People,* 109 P.3d 647, 656–57 (Colo.2005) ("Just as important as what the statute says is what the statute does not say.... We should not construe these omissions by the General Assembly as unintentional."). Only the General Assembly may change provisions in the Act, and, as the supreme court has uniformly held, "[A] court should not read nonexistent provisions into the Colorado Work[ers'] Compensation Act." *Kraus v. Artcraft Sign Co.,* 710 P.2d 480, 482 (Colo.1985).

Accordingly, we decline to read into the reopening statute a prehearing DIME requirement that does not presently exist.

### IV. Whether the ALJ Abused His Discretion

 Having determined the foregoing issues of statutory construction, we turn to the question of whether the ALJ abused his discretion in denying claimant's petition to reopen. We conclude that the ALJ properly exercised his discretion here.

The ALJ found, with record support, that claimant did not meet her burden of demonstrating that her injury had worsened as a result of injuries she sustained in the February 2003 incident. During the hearing on claimant's petition, employer introduced medical testimony that claimant's current complaints were unrelated to the February 2003 incident and that her work-related injuries had not worsened. Specifically, employer's evidence demonstrated that claimant's work-related injury had resolved and did not merit an impairment rating. It further showed that claimant's left-side pain, on which the new ATP relied in finding a seven percent impairment rating, was not caused by the February 2003 incident but rather was due to unrelated fibromyalgia.

 The weight and credibility given expert witnesses is within the ALJ's discretion and may not be disturbed absent a showing that the ALJ's credibility determination is "overwhelmingly rebutted by hard, certain evidence" to the contrary. *Arenas v. Indus. Claim Appeals Office,* 8 P.3d 558, 561 (Colo. App.2000); *see also Rockwell Int'l v. Turnbull,* 802 P.2d 1182, 1183 (Colo.App.1990) (the weight to be accorded expert testimony is a matter exclusively within the ALJ's discretion). Claimant points to no evidence in the

record, nor have we found any, that overwhelmingly rebuts employer's medical evidence. Nor do we find that the ALJ's order was unsupported by the evidence or contrary to law. Accordingly, we may not disturb the ALJ's finding on appeal. *See Jarosinski*, 62 P.3d at 1084.

The order is affirmed.

Judge WEBB and Judge LOEB concur.