Court of Appeals No. 15CA1502
Industrial Claim Appeals Office of the State of Colorado WC No. 4-919-554
Felicia Justiniano, Petitioner,
v.
Industrial Claim Appeals Office of the State of Colorado, Friends Trading Company, Inc., and Property & Casualty Insurance Company of Hartford,
Respondents.
ORDER AFFIRMED
Division VII
Opinion by JUDGE BERGER 
Kapelke* and Vogt*, JJ., concur
Announced May 19, 2016
Law Office of O’Toole and Sbarbaro, P.C., Neil D. O’Toole, Denver, Colorado, for Petitioner
No Appearance for Respondents Industrial Claim Appeals Office
Law Offices of Scott Tessmer, Matthew C. Hailey, Greenwood Village, Colorado, for Respondents Friends Trading Company, Inc. and Property & Casualty Insurance Company of Hartford
*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2015.
¶ 1     This is a workers’ compensation case. After a division-sponsored independent medical examination (DIME) found that claimant Felicia Justiniano had reached maximum medical improvement (MMI), claimant moved to reopen the claim with medical information that postdated the DIME. The administrative law judge (AUJ) denied and dismissed the petition to reopen, concluding that claimant was trying to improperly use the reopening procedure to circumvent the statutorily heightened burden of proof required to overcome the DIME. The Industrial Claim Appeals Office (Panel) concluded that the record supported the AUJ’s decision and affirmed. We affirm the Panel’s order.
Background
¶ 2     Claimant sustained an admitted injury to her wrist in May 2013. She underwent treatment and was placed at MMI by her authorized treating provider (ATP) in December 2013. The ATP concluded she was not a candidate for surgery.
¶ 3     Claimant requested a DIME to challenge the ATP’s MMI finding. The DIME physician agreed with the ATP’s MMI date and recommendation for conservative treatment. He rated claimant’s impairment as fifteen percent of the whole person. He also noted that claimant’s medical records were devoid of any surgical recommendations or operative reports. Employer, Friends Trading Company, Inc., and its insurer, Property & Casualty Insurance Company of Hartford, filed a final admission of liability (FAL) based on the DIME.
¶ 4       Although the FAL expressly advised claimant that she could object to the FAL within thirty days, she did not file an objection. Instead, she petitioned to reopen her claim less than two weeks after the FAL was filed and while the claim was still open. In her petition to reopen, claimant asserted that she had experienced a worsening or change in her condition. She claimed that her changed condition was established by the debridement and surgical repair of her wrist that she had undergone less than one month after the DIME.
¶ 5       The ALJ denied and dismissed claimant’s petition to reopen. The ALJ found that claimant was “actually attempting to challenge the DIME regarding the MMI determination by suggesting that [she] required additional medical care, specifically the wrist surgery performed [in September 2013] in order to reach MMI.” The ALJ explained that it would have been appropriate for claimant to challenge the DIME, but not to attempt to reopen a claim that had not yet been closed. For these reasons and others, the AUJ concluded that claimant’s petition to reopen was in reality “an attempt to circumvent the higher standard of clear and convincing evidence required to challenge the DIME by filing a petition to reopen instead.”
¶ 6        The Panel found no fault with the AUJ’s application of the law or factual findings. Holding that substantial evidence supported the AUJ’s determination that claimant’s petition to reopen was an attempt to circumvent the higher standard of proof applied to DIME challenges, the Panel affirmed. Claimant now appeals.
Claimant’s Arguments
¶ 7        Claimant asserts the following arguments on appeal: the AUJ  and the Panel misapplied Berg v. Industrial Claim Appeals Office, 128 P.3d 270 (Colo. App. 2005); the AUJ improperly disregarded her counsel’s arguments and representations that she was not challenging the DIME physician’s MMI finding; and substantial evidence did not support the AUJ’s finding that her petition to reopen was an attempt to circumvent the burden of proof applicable to DIME challenges, and therefore reopening should have been allowed. We reject these arguments.
III. Analysis
Law Governing Reopening and Standard of Review
¶ 8        To reopen a closed claim, a claimant must show error, mistake, or change in condition. § 8-43-303(1), C.R.S. 2015; Berg, 128 P.3d at 272. A “change in condition” . . . means “a change in the claimant’s physical or mental condition resulting from the compensable injury.” Thus, “change in condition” refers either to a change in the condition of the original compensable injury or to a change in claimant’s physical or mental condition which can be causally connected to the original compensable injury. Chavez v. Indus. Comm’n, 714 P.2d 1328, 1330 (Colo. App. 1985) (quoting Lucero v. Climax Molydbenum Co., 710 P.2d 1191, 1192 (Colo. App. 1985)). “Reopening is appropriate when the degree of permanent disability has changed, or when additional medical or temporary disability benefits are warranted.” Richards v. Indus. Claim Appeals Office, 996 P.2d 756, 758 (Colo. App. 2000).
¶ 9 The party attempting to reopen a claim “shall bear the burden of proof as to any issues sought to be reopened.” § 8-43-303(4). An ALJ has broad discretionary authority to determine if a claimant has met her burden of proof in support of reopening. See Renz v. Larimer Cty. Sch. Dist. Poudre R-1, 924 P.2d 1177, 1181 (Colo. App. 1996). Section 8-43-303 states that an ALJ “may” reopen a claim if a change in condition is demonstrated. The statutory reopening authority granted ALJs is thus “permissive, and whether to reopen a prior award when the statutory criteria have been met is left to the sound discretion of the ALJ.” Cordova v. Indus. Claim Appeals Office, 55 P.3d 186, 189 (Colo. App. 2002).
¶ 10 An ALJ’s decision to grant or deny a petition to reopen may therefore “be reversed only for fraud or clear abuse of discretion.” Wilson v. Jim Snyder Drilling, 747 P.2d 647, 651 (Colo. 1987); see also Heinicke v. Indus. Claim Appeals Office, 197 P.3d 220, 222 (Colo. App. 2008) (“In the absence of fraud or clear abuse of discretion, the ALJ’s decision concerning reopening is binding on appeal.”).
The ALJ Had Discretion to Deny Claimant’s Petition to Reopen after Determining It Was an Attempt to Circumvent the DIME Process
¶ 11 In Berg, a division of this court upheld an ALJ’s reopening of a claim on grounds of mistake because the claimant did not know the extent of his injuries at the time his claim was closed. Although the claimant’s petition to reopen was filed soon after the claim’s closure, because the claimant was unaware of the extent of his injuries when the claim was closed, Berg rejected the Panel’s conclusion that the claimant was strategically attempting to avoid the higher burden of proof required to overcome a DIME. 128 P.3d at 273-74. However, in reaching this conclusion, the Berg division recognized that because the power to reopen is discretionary, there is an inherent protection against improper collateral attacks on a DIME determination of MMI. If a claimant files a petition to reopen in an attempt to circumvent the DIME process and gain the advantage of a lower burden of proof, the AUJ has authority to deny it. Id. at 273. The AUJ in this case relied on this language in denying claimant’s petition to reopen because the AUJ found that claimant was attempting to avoid the higher burden of proof required to overcome a DIME.
¶ 12 Claimant contends that under Berg she had a “right to reopen” her claim, because, like the claimant in Berg, she could not have known about her condition “until she first saw [her surgeon] nine months post-MMI.” But, claimant’s contention disregards a critical distinction between her situation and that in Berg. In Berg, the claimant had no knowledge of the extent of his herniated disc until after his surgery and “did not fully understand the surgical findings until he received a report from the neurosurgeon” after his claim had been closed. Id. at 274. Because the claimant did not have the information necessary to timely challenge the DIME, the division rejected the Panel’s characterization of the claimant’s petition to reopen as a strategic attempt to avoid the higher burden of proof required to overcome a DIME. Id.
¶ 13 Here, in contrast, claimant had undergone surgery and knew the results before employer even filed its FAL. She had ample time to challenge the DIME and seek additional benefits within the time period for objecting to a FAL. Instead, before the time period for challenging the FAL expired, she filed a petition to reopen her not-yet-closed claim. Claimant’s petition to reopen thus was premature because it was filed before the claim was closed and before an award of benefits was made. See § 8-43-303(1) (An ALJ “may . . . review and reopen any award on the ground of fraud, an overpayment, an error, a mistake, or a change in condition.”).
¶ 14 Employer never challenged the ripeness of claimant’s premature petition to reopen and, at oral argument, conceded that the petition to reopen became ripe for review after the claim was automatically closed pursuant to section 8-43-203(2)(b)(II), C.R.S. 2015. See Olivas-Soto v. Indus. Claim Appeals Office, 143 P.3d 1178, 1179 (Colo. App. 2006); Dyrkopp v. Indus. Claim Appeals Office, 30 P.3d 821, 822 (Colo. App. 2001). Because we have concluded that the ALJ did not abuse her discretion in dismissing claimant’s petition on other grounds, we need not, and do not, decide the validity of filing a petition to reopen while a FAL remains open to challenge or whether a prematurely filed claim may later ripen with the passage of time. But see El Paso Cty. Dep’t of Soc. Servs. v. Donn, 865 P.2d 877, 879 (Colo. App. 1993) (holding that “no reopening was required” where the claim had not yet been closed).
¶ 15      Regardless of the timeliness of the petition, claimant’s counsel’s concession at oral argument that claimant’s actions were calculated precisely to avoid the higher standard of proof applied to DIME challenges convinces us that the ALJ and the Panel did not err in distinguishing the claimant’s situation in Berg from claimant’s. Specifically, claimant’s counsel conceded at oral argument that the decision to file a petition to reopen rested not just on claimant’s belief that she had a “right” to do so, but was a “strategic” move taken because counsel did not believe claimant could overcome the DIME.
¶ 16 We do not dismiss the possibility that, under certain circumstances, an AUJ could properly decide to address the merits of a prematurely filed petition to reopen by finding that, although labeled a petition to reopen, the petition was the “substantive equivalent” of another type of action, such as a challenge to the DIME’s MMI finding. See, e.g., Lewis v. Sci. Supply Co., 897 P.2d 905, 907 (Colo. App. 1995) (treating motion to withdraw admission of liability as petition to reopen). However, the facts of this case do not support such a recharacterization of claimant’s petition. Claimant’s counsel repeatedly advised the AUJ that claimant was “not challenging the MMI date,” and she has taken the same position in this court.
The Record Supports the ALJ’s Determination that Claimant Improperly Used the Reopening Process to Challenge the DIME
¶ 17 Claimant next contends that substantial evidence did not support the ALJ’s finding that her petition to reopen was in actuality an attempt to circumvent the higher burden of proof — clear and convincing — required to overcome the DIME’s MMI determination. Similarly, she argues that the ALJ improperly disregarded her counsel’s representations that she was not challenging the DIME’s MMI finding.
¶ 18 Claimant argues in her brief, and argued at oral argument, that it would have been impractical for her to challenge the DIME’s MMI determination because the DIME report was accurate when written, given the lack of a surgery report at the time the report was prepared. As we understand her argument, she implies that she could not challenge the DIME with later-acquired information concerning her surgery.
¶ 19 But, this premise is inaccurate. We know of no rule of law, precedential, statutory, or regulatory — and claimant has not pointed us to any — prohibiting the use of after-acquired medical information to timely challenge a DIME report. Whether a party has met the burden of overcoming a DIME by clear and convincing evidence is a question of fact for the ALJ as the sole arbiter of conflicting medical evidence. See § 8-42-107(8), C.R.S. 2015; Magnetic Eng’g, Inc. v. Indus. Claim Appeals Office, 5 P.3d 385, 387 (Colo. App. 2000).
¶ 20 ALJs have routinely considered — and parties have offered — after-acquired evidence to overcome a DIME or, as employer pointed out, to encourage a DIME physician to change an opinion. See, e.g., Postlewait v. Midwest Barricade, 905 P.2d 21, 24 (Colo. App. 1995) (observing that “the ALJ expressly considered” medical reports “issued after the [DIME] physician’s finding of MMI,” but did not find the reports clearly and convincingly overcame the DIME physician’s opinion).
¶ 21 Moreover, although employer’s FAL admitted that claimant would continue to receive “reasonable and necessary medical treatment after the date of MMI only as it relates to the compensable injury of a right upper extremity strain,” claimant requested temporary total disability (TTD) benefits. Under the Workers’ Compensation Act, TTD benefits automatically cease once a claimant has reached MMI. § 8-42-105(3)(a), C.R.S. 2015. By asking for benefits available only pre-MMI, claimant was necessarily challenging the DIME physician’s MMI determination.
¶ 22 Accordingly, because substantial evidence supported the ALJ’s finding that claimant’s petition to reopen was really an attempt to circumvent the higher burden of proof required to overcome a DIME, we discern no abuse of discretion by the ALJ. Further, in light of claimant’s counsel’s concession at oral argument that the petition to reopen was filed as a “strategic” move because counsel “did not think” claimant could overcome the DIME, the Panel did not err in upholding the ALJ’s dismissal of the petition.
Conclusion
¶ 23 The order is affirmed.
JUDGE KAPELKE and JUDGE VOGT concur.