Leslie B. **CORNSTUBBLE**, Petitioner,

v.

The **INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Colorado Utility Trailer Sales Corporation; State Compensation Insurance Fund; and Division of Labor, Department of Labor and Employment, State of Colorado, Respondents.**

No. 85CA0650.

Colorado Court of Appeals, Div. II.

May 29, 1986.

Rehearing Denied June 26, 1986.

Margaret D. Keck, Denver, for respondents Colo. Utility Trailer Sales Corp., and the State Compensation Ins. Fund.

Law Offices of Worstell & Wyatt, Bruce R. Wyatt, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and the Div. of Labor, Dept. of Labor and Employment, State of Colo.

VAN CISE, Judge.

On March 26, 1985, the Industrial Commission affirmed an order of a hearing officer awarding workmen's compensation benefits in the amount of $8,288.72 to claimant, Leslie B. Cornstubble, for his permanent partial disability incurred during the course of his employment at Colorado Utility Trailer Sales Corporation (employ-

er). A copy of this order was mailed to all parties of record on that date. Contending that this award did not adequately compensate him for his work-related injuries, claimant filed a petition for review with this court on May 6, 1985, and served a copy of the petition on the Commission the same day. Because the petition for review was not timely filed, we dismiss the petition for lack of jurisdiction.

C.A.R. 3.1(a) states:

"Appeals from orders and awards of the Industrial Commission ... shall be in the manner and within the time prescribed by statute."

*See also* C.A.R. 26(b).

The only statute pertaining to time for appeals from the Industrial Commission to this court in workmen's compensation claims is § 8–53–111(8), C.R.S. (1985 Cum. Supp.). It prescribes:

"Any party dissatisfied with the Commission's order shall have twenty days after the date of the certificate of mailing of such order to file an appeal with the court of appeals."

There is no provision in the statute for granting any extension of time in which to file a petition for review in this court.

Claimant's attorney alleged that the past practice of the Industrial Commission was to grant extensions of time in which to file petitions for review in this court and that, on the twentieth day, April 15, he in fact obtained an extension of time to May 6 from one of the commissioners. In this regard, the Commission record does show that a motion for extension of time to file a petition for review was filed on April 15; however, the typed order appended to the motion was not signed. Claimant's attorney states that he relied on the April 15 extension and, therefore, did not file his petition until May 6. He claims that this brought his case within the "unique circumstances" exception to untimely filings enunciated in *Converse v. Zinke*, 635 P.2d 882 (Colo.1981), and related cases.

Even if we assume the allegations in the motion are true, and they are not

challenged by respondents, the "unique circumstances" rule is inapplicable here. The Commission has no authority to grant an extension of time for filing a petition in this court. *See Collins v. Boulder Urban Renewal Authority*, 684 P.2d 952 (Colo.App. 1984).

The requirements of § 8–53–111(8) are jurisdictional, and claimant's failure to seek review in this court within the statutory period has deprived this court of jurisdiction. *In re Claim of Newman v. McKinley Oil Field Service*, 696 P.2d 238 (Colo. 1984) ("Failure to comply with statutory provisions regarding timely filing ... of petitions for review is jurisdictionally fatal."); *Trujillo v. Industrial Commission*, 31 Colo.App. 297, 501 P.2d 1344 (1972) (" 'One seeking to exercise a statutory right of review ... must follow and comply with the procedures prescribed'.... Failure to do so deprives this court of jurisdiction.").

We note that another division of this court initially granted respondents' motion to dismiss. Then, on claimant's motion for reconsideration based on the past practices argument, the appeal was reinstated. The reinstatement order did not determine the jurisdiction issue, and the parties dealt with that issue in their briefs and on oral argument. Therefore, we are free to reconsider the issue, and to conclude, as we do, that the court lacks jurisdiction.

As stated in *Sanchez v. Straight Creek Constructors*, 41 Colo.App. 19, 580 P.2d 827 (1978):

> "Subject matter jurisdiction relates to the power or authority of the court to deal with a particular case—it either exists or it does not. The parties cannot confer subject matter jurisdiction upon the court, nor may the court confer it upon itself."

Reliance by claimant on past practices, whatever they may have been, cannot create jurisdiction where none exists.

In view of this disposition of the petition for review, we do not address the merits of the petition for review.

Petition for review dismissed.

SMITH and SILVERSTEIN, JJ.*, concur.