**CF & I STEEL CORPORATION, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Robert J. Husson, Director of the Division of Labor; and Henry H. Horner, Respondents.**

**No. 85CA1764.**

Colorado Court of Appeals, Div. I.

Nov. 6, 1986.

Welborn, Dufford, Brown & Tooley, John M. Spillane, Douglas P. Ruegsegger, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondents Industrial Commission and Robert J. Husson.

No Appearance for respondent Henry H. Horner.

CRISWELL, Judge.

CF & I Steel Corporation (CF & I) seeks review of an order of the Industrial Commission (Commission) which determined that the claimant, Henry Horner, was permanently and totally disabled, but which failed to require the Subsequent Injury Fund (SIF) to assume responsibility for any benefits attributable to such disability. Inasmuch as there exists no Commission order disposing of the issue raised by CF & I, we dismiss the petition for lack of jurisdiction.

On April 18, 1984, a hearing was held before a hearing officer of the Division of Labor upon the extent of the claimant's temporary and permanent disability. Between the date of the hearing and the date the hearing officer entered his order, the Commission, in attempting to comply with the supreme court's decision in *Sears, Roebuck & Co. v. Baca*, 682 P.2d 11 (Colo. 1984), adopted rules of procedure to be followed in determining SIF claims.

The parties here disagree as to the extent to which the new procedural rules were intended to apply to proceedings then in progress concerning the instant claim and whether it was possible for CF & I to comply with such rules. We express no views on these subjects because of our determination concerning jurisdiction.

On November 7, 1984, the hearing officer entered an order finding the claimant to be permanently and totally disabled. Subsequently, CF & I filed a timely petition to review this order, claiming, *inter alia*, that it was improper not to "offset liability" to the SIF. At the same time, it filed a separate written request for such an offset on a form provided by the Commission for such purpose.

The hearing officer referred CF & I's petition for review to the Commission. However, the record fails to disclose that the hearing officer took any action upon CF & I's simultaneous written request. The Commission later entered a general order, adopting the hearing officer's previous order as its own, but making no reference to CF & I's SIF claim.

Before this court, CF & I does not complain about the hearing officer's finding that the claimant was totally disabled. Its sole complaint is that neither the hearing officer nor the Commission apportioned

any of the liability for the claimant's benefits to the SIF. Yet, the record before us indicates that CF & I's request therefor has not been passed upon either by the hearing officer or by the Commission and is still outstanding.

Under these circumstances, until the Commission (now the Industrial Claim Appeals Office) disposes of CF & I's outstanding request, there is no final order respecting this subject which may be reviewed by this court. While a workmen's compensation order no longer needs to dispose of all issues pending before the agency in order to be reviewed by this court, *see* § 8–53–114(2), C.R.S. (1986 Repl. Vol. 3B), and *Raisch v. Industrial Commission*, 690 P.2d 1290 (Colo.App.1984), for this court to be invested with jurisdiction there still must be agency action which administratively resolves the issue in dispute and which may be considered a "final order" under § 8–53–119(1), C.R.S. (1986 Repl. Vol. 3B). Such action is missing in this case.

The petition for review is dismissed without prejudice to the filing of a further petition to review any subsequent order that the Industrial Claim Appeals Office may enter.

PIERCE and TURSI, JJ., concur.