Kimahli S. PEREGOY, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO, United Parcel Service, and Liberty Mutual Insurance Co., Respondents.

No. 03CA0557.

Colorado Court of Appeals, Div. II.

Jan. 29, 2004.

The Frickey Law Firm, Janet L. Frickey, Lakewood, Colorado, for Petitioner.

Ken Salazar, Attorney General, John D. Baird, First Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

The Connell Law Firm, John M. Connell, Denver, Colorado, for Respondents United Parcel Service and Liberty Mutual Insurance Co.

Opinion by Judge CARPARELLI.

In this workers' compensation proceeding against United Parcel Service and its insurer, Liberty Mutual Insurance Co. (collectively employer), Kimahli S. Peregoy (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) determining that the issues of permanent disability and disfigurement were closed. We affirm.

The facts are undisputed. Claimant sustained a compensable injury in 1999. A division-sponsored independent medical examination (DIME) was conducted, and employer filed a Final Admission of Liability (FAL) for permanent partial disability (PPD) and disfigurement benefits.

In March 2002, claimant filed a timely objection to the FAL and an application for hearing. However, her application did not identify any disputed issues for determination. Instead, she maintained that, although she disputed no issues and none were ripe for determination, "all issues remain open." Employer responded that the claim was closed and no issues remained.

At the hearing, the parties stipulated that no issues were disputed or ripe. Claimant's counsel explained that this meant claimant could not put on any evidence that would raise any factual dispute concerning the issues admitted in the FAL. The administrative law judge (ALJ) concluded that, because claimant admitted there was no legitimate dispute concerning PPD and disfigurement and the purpose of § 8–43–203(2)(b)(II), C.R.S.2003, is to promote prompt closure of issues regarding which there is no legitimate controversy, these two issues were closed. The ALJ also ruled that the issue of *Grover*-type medical benefits remained open. *See Grover v. Indus. Comm'n,* 759 P.2d 705 (Colo.1988). The Panel affirmed.

I.

■ Claimant contends that, under § 8–43–203(2)(b)(II), her objection, despite its failure to identify any contested issues, keeps her case open until she identifies a dispute that is ripe for hearing. We disagree.

When construing a statute, we must give effect to the General Assembly's purpose and intent as reflected in the plain language of the statute. *People v. Luther,* 58 P.3d 1013 (Colo.2002). We do not depart from the plain meaning unless it leads to an absurd result. *Colo. Dep't of Soc. Servs. v. Bd. of County Comm'rs,* 697 P.2d 1 (Colo.1985). In addition, we read and consider the statutory scheme as a whole to give consistent, harmonious, and sensible effect to all its parts. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988); *Martinez v. Cont'l Enters.,* 730 P.2d 308 (Colo.1986).

"Section 8–43–203(2)(b)(II) is part of a statutory scheme designed to promote, encourage, and ensure prompt payment of compensation to an injured worker without the necessity of a formal administrative determination in cases not presenting a legitimate controversy." *Dyrkopp v. Indus. Claim Appeals Office,* 30 P.3d 821, 822 (Colo.App. 2001).

Articles 42 and 43 of the Workers' Compensation Act of Colorado (Act), § 8–40–101, et seq., C.R.S.2003, establish the procedures for DIMEs, FALs, settlements, and hearings.

Section 8–42–107.2(4), C.R.S.2003 (enacted effective Aug. 5, 1998), requires that the insurer or self-insured employer must either file an admission of liability or request a hearing to contest one or more findings in the DIME report. *See* Dep't of Labor & Employment Rule IV(N)(6), 7 Code Colo. Regs. 1101–3.

Section 8–43–203(2)(b)(II) grants a claimant the right "to file an application for hearing, or a response to the [employer's] application for hearing, as applicable, on any disputed issues that are ripe for hearing." It also makes it clear that a claimant "may contest" the FAL "if the claimant feels entitled to more compensation." Still further, it requires notice to the claimant "that the case will be automatically closed as to the issues admitted in the final admission if the claimant does not ... contest the final admission in writing and request a hearing on any disputed issues that are ripe for hearing." Section 8–43–203(2)(b)(II).

■ When there is a hearing, the findings of a DIME physician can be overcome only by clear and convincing evidence. Section 8–42–107(8)(b)(III), (b.5)(I)(D), (c), C.R.S.2003. An ALJ's award, whether resulting from an admission or a contested hearing, "becomes final by the exhaustion of, or the failure to exhaust, review proceedings," and thereafter "no further proceedings to increase or decrease [the awarded] benefits beyond those granted by the order are authorized, unless there is an appropriate further order entered directing that the proceedings be reopened." *Brown & Root, Inc. v. Indus. Claim Appeals Office,* 833 P.2d 780, 783 (Colo.App.1991).

Once issues are closed, they may only be reopened on the grounds stated in § 8–43–303, C.R.S.2003. Section 8–43–203(2)(d), C.R.S.2003. Among those grounds is a change in the claimant's condition. Section 8–43–303(1), C.R.S.2003.

Claimant asserts that, when neither the claimant nor the employer disputes DIME findings and the employer files an FAL, the claimant who feels entitled to more compensation but cannot presently identify any basis

for it may prevent the case from being closed by filing a general objection to the FAL. She argues that a claimant is required to request a hearing to keep the case open only when there is a disputed issue that is ripe for hearing. In her view, when there is no disputed issue that is ripe for hearing, a claimant's general objection is sufficient to keep the case open without a request for a hearing. Claimant contends that a "disputed issue" exists when a claimant timely requests that the employer provide a benefit, the claimant can prove his or her entitlement to the benefit, and the employer refuses to provide it. She also contends that an issue is not ripe for hearing until it is ready for adjudication, both legally and factually. It appears that claimant is arguing, at least in part, that although her condition at the time of employer's FAL provided her with no present and legitimate controversy regarding PPD and disfigurement, she may have a dispute if her condition changes.

We conclude that claimant's argument strains the statutory language and is contrary to the General Assembly's purpose and intent as reflected in the plain language of the Act. Neither § 8–43–203(2)(b)(II) nor any other provision in the Act states or implies that a claimant may file an objection to an FAL without identifying a contested issue. Likewise, no provision states or implies that issues admitted in an FAL may remain open indefinitely until the claimant identifies a disputed issue and requests a hearing. *See Lobato v. Indus. Claim Appeals Office,* —— P.3d ——, 2003 WL 21283770 (Colo.App. No. 02CA1145, June 5, 2003)(there was no requirement to file a DIME request within a certain time until the 1998 amendments).

To the contrary, the plain language of the pertinent provisions of the Act demonstrates that the General Assembly's intent was to provide procedures to determine a claimant's medical condition; to utilize a DIME to assist in that determination; to require the employer to admit or "contest" the DIME report; to give the claimant an opportunity to "contest" the DIME report and the FAL; to give effect to the DIME physician's findings unless the contesting party overcomes them by clear and convincing evidence; to

close all issues determined by the DIME physician when there is no dispute and, thus, no need for a hearing; when there has been a hearing, to close all issues determined by the hearing and review process; and to permit reopening of a final award on specified grounds, including a change in the claimant's condition.

■ Giving effect to the plain language of § 8–43–203(2)(b)(II), giving consistent, harmonious, and sensible effect to all parts of the statute, and refraining from a strained interpretation, we conclude that a claimant has thirty days after the date the employer files an FAL to file an application for a hearing. *Lobato v. Indus. Claim Appeals Office, supra.* The application for the hearing must contest some aspect of the FAL. To contest an aspect of an FAL, a claimant must be able to state the benefit to which he or she is entitled. To prevail at the hearing, the claimant must overcome the DIME by clear and convincing evidence. Section 8–42–107(8), C.R.S.2003. If a claimant does not contest the FAL within thirty days, the case is automatically closed pursuant to § 8–43–203(2)(b)(II).

Thus, the Panel correctly ruled that the issues of PPD and disfigurement are closed, subject to the reopening provisions of the Act.

## II.

■ Claimant also contends that if § 8–43–203(2)(b) is interpreted in this manner, her due process and equal protection rights are violated because it is unfair to require claimants to seek reopening of claims. Claimant posits a situation in which an injured worker returns to employment and is dismissed after closure of the claim because of injury-related restrictions. She argues that the hypothetical worker could not seek reopening absent the ability to prove a worsening of condition. We perceive no constitutional defect.

■ We first note that this court has initial jurisdiction to address challenges to the constitutionality of the Act. *MGM Supply Co. v. Indus. Claim Appeals Office,* 62 P.3d 1001 (Colo.App.2002).

When determining whether § 8–43–203(2)(b) is constitutional, we begin with the presumption that it is valid. Therefore, the burden is on claimant, as the challenging party, to prove the statute is unconstitutional beyond a reasonable doubt. *See MGM Supply Co. v. Indus. Claim Appeals Office, supra.*

## A.

Because the receipt of workers' compensation benefits is not a fundamental right, the rational basis test applies to claimant's equal protection challenge. *See Lobb v. Indus. Claim Appeals Office,* 948 P.2d 115 (Colo.App.1997). Under that test, a statutory classification will stand if it bears a rational relationship to a legitimate governmental objective and is not unreasonable, arbitrary, or capricious. Further, if any conceivable set of facts would lead to the conclusion that a classification serves a legitimate purpose, a court must assume that those facts exist. *Alexander v. Indus. Claim Appeals Office,* 42 P.3d 46 (Colo.App.2001).

The threshold question in an equal protection challenge is whether the legislation results in dissimilar treatment of similarly situated individuals. To violate equal protection provisions, the classification must arbitrarily single out a group of persons for disparate treatment from other persons who are similarly situated. *Lobb v. Indus. Claim Appeals Office, supra.*

Initially, we will assume, arguendo, that a claimant whose claim remains open as the result of a dispute and a hearing under § 8–43–203(2)(b) is similarly situated to a claimant whose claim has been closed and is subject to the reopening provisions of § 8–43–303. *See Duran v. Indus. Claim Appeals Office,* 883 P.2d 477, 482 n. 9 (Colo.1994)("too exacting a focus" on classifications between claimants overlooks the fact that the Act "categorizes injured workers as a whole"). Persons in both classes seek additional benefits, but arguably claimants in the two classes are treated differently based on whether their claims had been previously closed.

The purpose of the 1998 amendments to § 8–43–203(2)(b) was to promote, encourage, and ensure the prompt payment of compensation without the necessity of a formal administrative determination in cases not presenting a legitimate controversy. *Dyrkopp v. Indus. Claim Appeals Office, supra.* That purpose is accomplished by requiring the closure of claims if no disputed issues are ripe for determination.

Furthermore, it is rational to provide time limitations on a claimant's right to contest closure. In that way, the express intent of the Act, to provide "quick and efficient delivery of disability and medical benefits" to injured workers "without the necessity of any litigation" and "at a reasonable cost to employers," is advanced. *See* § 8–40–102(1), C.R.S.2003; *McManus v. Indus. Claim Appeals Office,* 81 P.3d 1074 (Colo.App.2003).

Therefore, we conclude that the legitimate state goals of relieving injured workers from the adverse economic effects of disabling work-related injuries and reducing costs are furthered by § 8–43–203(2)(b). Thus, neither state nor federal guarantees of equal protection are offended by the fact that the classification may require some claimants to comply with the reopening provisions of § 8–43–303. *See Lobb v. Indus. Claim Appeals Office, supra.*

## B.

We also reject claimant's due process argument based on her failure to develop the issue, *see Cordova v. Indus. Claim Appeals Office,* 55 P.3d 186 (Colo.App.2002)(claim rejected in part because claimant did not present court with specific argument or authority challenging the constitutionality), or to prove a due process violation beyond a reasonable doubt. *See MGM Supply Co. v. Indus. Claim Appeals Office, supra.*

The order of the Panel is affirmed.

Judge TAUBMAN and Judge NIETO concur.