**Ignacio OLIVAS–SOTO, Petitioner,**

**v.**

**INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado, Genesis Consolidated Services, and Hartford Casualty Insurance, Respondents.**

**No. 05CA2509.**

Colorado Court of Appeals, Div. III.

Aug. 24, 2006.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2005.

Law Offices of Miguel Martinez, P.C., Miguel Martinez, John D. Stehlik, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Hall & Evans, L.L.C., Douglas J. Kotarek, Denver, Colorado, for Respondents Genesis Consolidated Services and Hartford Casualty Insurance.

Opinion by Justice ROVIRA.*

In this workers' compensation proceeding, Ignacio Olivas–Soto (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel) upholding the determination that the issue of permanent total disability (PTD) benefits was closed by the final admission of liability (FAL) filed by Genesis Consolidated Services and its insurer, Hartford Casualty Insurance (collectively employer). We affirm.

Claimant sustained an industrial injury in 2001 and was placed at maximum medical improvement (MMI) by his treating physician in 2002. Claimant underwent a division-sponsored independent medical examination (DIME), which agreed with the prior determination of MMI and rated claimant's impairment at nineteen percent of the whole person.

Employer filed a FAL accepting the date of MMI and admitting permanent partial disability (PPD) benefits.

In accordance with the requirements of § 8–43–203(2)(b)(II), C.R.S.2005, claimant filed a written objection to the FAL and an application for hearing and notice to set. He endorsed several issues, including the MMI determination, but he did not endorse the issue of PTD benefits.

For various reasons that are not relevant here, claimant filed two additional applications for hearing endorsing the same issues. In his fourth application he endorsed the previously listed issues, but also included the issues of PTD and post-MMI medical benefits. Employer filed a motion to strike the fourth application, asserting that those issues

were waived because they were not endorsed on the initial application for hearing.

The administrative law judge (ALJ) held that because the issues of PTD and post-MMI medical benefits were not endorsed within thirty days of the FAL as required by § 8–43–203(2)(b)(II), those issues were closed and could not be litigated. However, he also held that if, at hearing, claimant were to overcome the DIME report and prove he was not at MMI, the issues of PTD and post-MMI medical benefits would remain open and could be litigated once claimant reached MMI.

Following an evidentiary hearing, a second ALJ found that claimant had failed to overcome the DIME as to MMI.

On review, both orders were upheld by the Panel.

Claimant appeals only from that part of the interlocutory order that struck the issue of PTD benefits. He argues that, because he timely challenged the DIME opinion on MMI, the issue of PTD benefits did not become ripe until that dispute was resolved. Therefore, he asserts that he did not waive the issue of PTD benefits by failing to endorse it on the first application for hearing. We are not persuaded.

Section 8–43–203(2)(b)(II) provides that a case will be "automatically closed as to the issues admitted in the [FAL] if the claimant does not, within thirty days after the date of the [FAL], contest the [FAL] in writing and request a hearing on any disputed issues that are ripe for hearing."

■ This section is part of a statutory scheme designed to promote, encourage, and ensure prompt payment of compensation to an injured worker without the necessity of a formal administrative determination in cases not presenting a legitimate controversy. *Dyrkopp v. Indus. Claim Appeals Office*, 30 P.3d 821 (Colo.App.2001). Applying time limits to a claimant's right to contest closure is rational and advances that purpose. *Pere-*

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

*goy v. Indus. Claim Appeals Office*, 87 P.3d 261 (Colo.App.2004).

Generally, ripeness tests whether an issue is real, immediate, and fit for adjudication. Under that doctrine, adjudication should be withheld for uncertain or contingent future matters that suppose a speculative injury which may never occur. *Bd. of Dirs. v. Nat'l Union Fire Ins. Co.*, 105 P.3d 653 (Colo.2005); *see also BCW Enters., Ltd. v. Indus. Claim Appeals Office*, 964 P.2d 533 (Colo.App.1997)(a request for penalties predicated on a claim that an appeal has been taken in bad faith must await the adjudication of that appeal before it becomes ripe for determination).

As noted by the Panel, employer admitted liability for PPD benefits, and thus, as a matter of law, necessarily denied liability for PTD benefits. *See Dyrkopp v. Indus. Claim Appeals Office, supra* (PPD benefits and PTD benefits both compensate for a claimant's permanent loss of earning capacity and, therefore, an admission for PPD benefits constitutes an implicit denial of liability for PTD benefits). The MMI determination also signified that claimant's condition had become stable and that the permanent effects of his injury were ascertainable. *See* § 8–40–201(11.5), C.R.S.2005; *Golden Animal Hosp. v. Horton*, 897 P.2d 833 (Colo.1995). Because that determination occurred as part of a DIME, it carried presumptive and binding effect until and unless overcome by clear and convincing evidence. *Metro Moving & Storage Co. v. Gussert*, 914 P.2d 411 (Colo. App.1995). Therefore, when employer filed the FAL based upon the DIME, claimant was at MMI and entitled to PPD benefits, and could have contended at that time he was eligible for PTD. Claimant's subsequent challenge to the DIME brought his status into question, but did not change it during the intervening period. *See HLJ Mgmt. Group, Inc. v. Kim*, 804 P.2d 250 (Colo.App.1990)(if an admission of liability is contested by either party, the determination of the matter thus placed in issue is subject to determination by the ALJ at the adversary hearing and the admission is binding only until the controverted issue is resolved).

Under these circumstances, we agree with the Panel that the issue of PTD benefits was legally ripe for adjudication when claimant filed his first application for hearing. The FAL and the DIME placing claimant at MMI removed any legal impediment to a determination of his eligibility for PTD benefits, and, as the ALJ recognized, claimant's subsequent challenge to the DIME posed no such impediment, at least not until claimant might succeed in overcoming the DIME, an outcome never achieved here. Accordingly, the ALJ and the Panel correctly determined that the issue of PTD benefits was closed absent an order reopening the claim. *See Berg v. Indus. Claim Appeals Office*, 128 P.3d 270 (Colo.App.2005)(once a case has closed, the issues resolved by the FAL are not subject to further litigation unless they are reopened pursuant to § 8–43–303, C.R.S. 2005).

Claimant urges that our holding is illogical because it will force parties to incur significant costs to litigate PTD when that issue may not need to be decided. However, we agree with employer that, despite the potential for additional cost, the result we reach promotes judicial economy because it requires early identification of the disputed issues and avoids multiple hearings. Consequently, the goal of prompt adjudication underlying § 8–43–203(2)(b)(II) is furthered.

Claimant also argues that the Panel's reasoning is inconsistent with its decision in two other cases. However, not only do we agree with the Panel that the cases are distinguishable, but we also note that we are not bound by the Panel's decisions in other workers' compensation cases. *See City & County of Denver v. Indus. Claim Appeals Office*, 107 P.3d 1019 (Colo.App.2004).

The order is affirmed.

Judge TAUBMAN and Judge FURMAN concur.