**HATHAWAY LIGHTING, INC. and Norman Tyrell, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Pinnacol Assurance, Respondents.**

No. 05CA1630.

Colorado Court of Appeals, Div. IV.

Aug. 24, 2006.

Rehearing Denied Dec. 14, 2006.

Weinberger & Serruto, P.C., Michael P. Serruto, Denver, Colorado, for Petitioner Hathaway Lighting, Inc.

Franklin D. Azar & Associates P.C., John M. Connell, Aurora, Colorado, for Petitioner Norman Tyrell.

No Appearance for Respondent Industrial Claim Appeals Office.

Harvey D. Flewelling, Jon Atkins, Denver, Colorado, for Respondent Pinnacol Assurance.

Opinion by Judge CARPARELLI.

In this workers' compensation proceeding, petitioners, Norman Tyrell (claimant) and Hathaway Lighting, Inc. (employer), seek review of the final order issued by the Industrial Claim Appeals Office (Panel) determining that there was no jurisdiction under § 8–41–204, C.R.S.2005, to adjudicate claimant's request for benefits. We affirm.

The pertinent facts are not disputed. Claimant, a resident of the State of Washington, was hired by employer, a Colorado corporation, to work on out-of-state projects related to the installation of commercial lighting. He was injured when he fell off a ladder while working in Oregon. He was not present in Colorado during the hiring process or between the date he was hired and the date he was injured.

Following an evidentiary hearing, the administrative law judge (ALJ) found that, although the contract of hire between claimant and employer was executed in Colorado, no jurisdiction existed under the extraterritorial provisions of § 8–41–204.

The Panel affirmed on review.

## I.

Section 8–41–204 has been called the extraterritorial provision of the Workers' Compensation Act (Act), § 8–40–101, et seq., C.R.S.2005, because it addresses entitlement to compensation for injuries occurring outside Colorado. The first sentence provides:

If an employee who has been hired or is regularly employed in this state receives personal injuries in an accident or an occupational disease arising out of and in the course of such employment outside of this state, the employee, or such employee's dependents in case of death, shall be entitled to compensation according to the law of this state.

The second sentence limits the scope of the first sentence as follows:

*This provision shall apply only to those injuries received by the employee within six months after leaving this state*, unless, prior to the expiration of such six-month period, the employer has filed with the division notice that the employer has elected to extend such coverage for a greater period of time.

(Emphasis added.)

## II.

■ Petitioners contend that the ALJ and Panel erred when they determined that the Division of Workers' Compensation lacked jurisdiction to hear this claim. We disagree.

### A.

The parties agreed to bifurcate the proceedings before the ALJ, presenting the question of whether claimant was entitled to compensation under the extraterritorial provision, and reserving all other issues in the event the ALJ concluded that compensation would be possible under the extraterritorial provision.

Petitioners argued that the Division of Workers' Compensation had jurisdiction over the claim because claimant was hired in Colorado. The insurer, Pinnacol Assurance, argued that there was no jurisdiction because claimant was not a Colorado citizen and was not employed in Colorado within the six months preceding his injury.

Although claimant was not present in Colorado during the hiring process, the ALJ found that claimant was hired in Colorado. However, finding that petitioners failed to prove that claimant's injury occurred within six months after his leaving Colorado, the ALJ concluded that petitioners failed to satisfy the extraterritorial jurisdictional requirements of § 8–41–204.

The Panel affirmed, concluding that the statute applies "only to those injuries received by the employee within six months after leaving this state," and to have left the state, the claimant must first have been present in the state.

Citing *Moorhead Machinery & Boiler Co. v. Del Valle*, 934 P.2d 861 (Colo.App.1996), *abrogated on other grounds by Horodyskyj v. Karanian*, 32 P.3d 470 (Colo.2001), the Panel reasoned that the extraterritorial provision reflects the state's interest in the welfare and protection of its citizens and their dependents and that, given this interest, it is neither absurd nor illogical to construe the plain meaning of the statute to require the employee's physical presence in Colorado before leaving the state.

## B.

On appeal, petitioners assert that the jurisdictional res upon which § 8–41–204 rests is a Colorado contract of hire, payment of the insurance premium in Colorado, and payment of the premium by a Colorado employer. They rely on *State Compensation Insurance Fund v. Howington*, 133 Colo. 583, 298 P.2d 963 (1956), wherein the supreme court concluded that because the insurance premium was paid in Colorado and the claimant was hired in Colorado by a Colorado employer, there was a res to which the law of Colorado could attach for workers' compensation purposes.

Petitioners argue that, under *Howington*, they need only prove that claimant was "(1) [h]ired in Colorado and (2) employed outside of Colorado for not over six months by a Colorado covered employer unless the time is extended as provided in [the statute]." *State Comp. Ins. Fund v. Howington, supra*, 133 Colo. at 596, 298 P.2d at 970.

Petitioners contend that when the employee is physically present in Colorado at the time of hire, the six-month period starts when the employee leaves Colorado, but that when the employee is not physically present here at the time of hire, the six-month period starts on the date of hire. We are not persuaded.

## C.

When construing a statute, we are required to give the relevant words their plain and ordinary meanings, unless the result is absurd. *Anderson v. Longmont Toyota, Inc.*, 102 P.3d 323 (Colo.2004). We also give deference to the interpretation of a statute adopted by the officer or agency charged with its administration. *Dillard v. Indus. Claim Appeals Office*, 121 P.3d 301 (Colo. App.2005), *aff'd*, 134 P.3d 407 (Colo.2006).

■ In *Howington*, the supreme court explained that the extraterritorial provision "is obviously meant to protect the employee who may be sent out of state ... for temporary or occasional work." *State Comp. Ins. Fund v. Howington, supra*, 133 Colo. at 592, 298 P.2d at 968. The state's power to exercise its legislative authority for injuries outside the state is premised on its interest in the welfare and protection of those who live or work in the state and their dependents. *State Comp. Ins. Fund v. Howington, supra; Moorhead Mach. & Boiler Co., supra.*

## D.

We first reject petitioners' assertion that, in accordance with the decision in *Howington*, "[w]here the employee is not physically present at the time of hire, the six-month period runs from date of hire."

In *Howington*, the supreme court noted, with emphasis, that although the claimant in that case performed no work in Colorado, he lived there prior to the employment, came back on weekends, and had been out of the state less than six months when injured. In this case, as noted by the ALJ, claimant had not been in Colorado when he was hired or after he was hired. Indeed, before he was injured, he had not been in Colorado for more than fifteen years.

Giving the words of § 8–41–204 their plain and ordinary meaning, we conclude that if an employee "who has been hired in" Colorado "receives personal injuries in an accident arising out of and in the course of such employment outside of this state, the employee is entitled to compensation" only if the employee received the injuries "within six months after leaving this state."

According to its plain and ordinary meaning, the word "leaving" refers to a physical departure or movement away from one location and in the direction of another. *See Webster's Third New International Dictionary* 1287 (1986). Therefore, we conclude that, according to the law of Colorado, claimant is only entitled to compensation for injuries received within six months of his departing from Colorado.

Although claimant meets the first requirement that he be hired or employed in Colorado, his injury does not meet the second requirement, that he receive the injury within six months of leaving Colorado.

We agree with the Panel that such a conclusion is neither illogical nor absurd given the state's interest in protecting those who have lived or worked in the state and leave the state for temporary or occasional work.

### III.

■ Petitioners also contend that interpreting § 8–41–204 to require a physical presence in Colorado violates the constitutional guarantees of equal protection and due process. Again, we disagree.

■ We have initial jurisdiction to consider petitioners' contention. *Arapahoe Roofing & Sheet Metal, Inc. v. City & County of Denver*, 831 P.2d 451 (Colo.1992) (court of appeals may consider the constitutionality of statutes in appeals taken from decisions of administrative tribunals); *Celebrity Custom Builders v. Indus. Claim Appeals Office*, 916 P.2d 539 (Colo.App.1995) (constitutionality may be addressed by review of action brought either in district court or administrative proceeding). Petitioners, as the parties asserting the unconstitutionality of the statute, bear the burden of proving its invalidity beyond a reasonable doubt. *See Dillard v. Indus. Claim Appeals Office, supra.*

### A.

■ The threshold question in an equal protection challenge is whether the legislation results in dissimilar treatment of similarly situated individuals. To violate equal protection provisions, the classification must arbitrarily single out a group of persons for disparate treatment from that of other persons who are similarly situated. *Peregoy v. Indus. Claim Appeals Office*, 87 P.3d 261, 265 (Colo.App.2004).

Contrary to petitioners' contention, we conclude that § 8–41–204 does not create two similarly situated, separate classes of Colorado employees. Employees who neither live nor work in Colorado are not similarly situated to those who do. Those who have never worked for the employer in Colorado are not similarly situated to those who are temporarily assigned to work out of state.

### B.

■ Moreover, even if the classes are viewed as similarly situated, the basis of the differing treatment does not concern a suspect class or a fundamental right, and, therefore, we presume the General Assembly acted within its constitutional power. When a statute provides for differing treatment, but does not infringe on a fundamental right or adversely affect a suspect class, we may not set it aside unless there is no state of facts that may reasonably be conceived to justify it. *McGowan v. Maryland*, 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). Not only does a presumption of constitutionality apply to classifications analyzed under the rational basis test, but the challenging party also must overcome that presumption by proof beyond a reasonable doubt. *Tassian v. People*, 731 P.2d 672, 675 (Colo.1987).

■ To establish unconstitutionality, the challenging party must show beyond a reasonable doubt that no conceivable set of facts leads to the conclusion that the classification relates to a legitimate governmental purpose and, thus, that it "arbitrarily singles out a group of persons for disparate treatment in comparison to other persons who are similarly situated." *Garhart ex rel. Tinsman v. Columbia/HealthONE, L.L.C.*, 95 P.3d 571, 583 (Colo.2004) (quoting *Culver v. Ace Elec.*, 971 P.2d 641, 646 (Colo.1999)); *see HealthONE v. Rodriguez*, 50 P.3d 879 (Colo.2002). "If any conceivable set of facts would lead to the conclusion that a classification serves a legitimate purpose, a court must assume

those facts exist." *Christie v. Coors Transp. Co.*, 933 P.2d 1330, 1333 (Colo.1997).

We conclude that petitioners have not proved beyond a reasonable doubt that compensating those who live or work in the state for out-of-state injuries is not a legitimate purpose.

## C.

Statutorily created benefits such as workers' compensation exist only to the extent provided by the applicable statutes. Statutory limits on such benefits merely define the extent of the benefits provided, and, therefore, do not deprive affected persons of constitutionally protected property interests. *Moland v. Indus. Claim Appeals Office*, 111 P.3d 507 (Colo.App.2004); *see Whiteside v. Smith*, 67 P.3d 1240 (Colo.2003) (when a statute provides benefits, there is a constitutionally protected property interest in those benefits).

Here, we further conclude that because the jurisdictional prerequisites set forth in § 8–41–204 have not been satisfied, no property interest exists under the state Act that would give rise to a due process claim.

The order is affirmed.

Judge CASEBOLT and Judge J. JONES concur.