Cathy **LEEWAYE**, Petitioner,

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Harrison School District # 2, and American Compensation Insurance Company,** Respondents.

No. 06CA2264.

Colorado Court of Appeals, Div. III.

Nov. 29, 2007.

Steven U. Mullens, P.C., Steven U. Mullens, Monica J. Gomez, Colorado Springs, Colorado, for Petitioner.

John W. Suthers, Attorney General, Mark N. McMullen, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Thomas Pollart & Miller, LLC, Margaret Keck, Greenwood Village, Colorado, for Respondents Harrison School District # 2 and American Compensation Insurance Company.

Opinion by Judge TAUBMAN.

In this workers' compensation action, Cathy Leewaye (claimant) seeks review of a final order issued by the Industrial Claim Appeals Office (Panel) affirming the order of the administrative law judge (ALJ). The ALJ denied claimant's request for additional benefits, finding that because claimant had not timely objected to the issues addressed in her employer's final admission of liability (FAL), those issues were automatically closed. We set aside the order and remand for further proceedings.

Claimant sustained an admitted work-related injury in 2003. After she was placed at maximum medical improvement (MMI) by her authorized treating physician (ATP), her employer, Harrison School District # 2, and its insurer, American Compensation Insurance Company (collectively employer), filed an FAL in May 2005. Following the ATP's determination, the FAL admitted to an impairment rating of zero percent of the whole person because claimant's injury was apportioned with a 2001 injury in which she sustained an impairment rating of thirteen percent of the whole person. It also admitted claimant was entitled to two days of temporary total disability (TTD) benefits for November 10 and December 3, 2004.

Claimant objected to the FAL and requested a division-sponsored independent

medical examination (DIME). The DIME physician's report corroborated claimant's ATP, concluding that because claimant's injury had to be apportioned with her 2001 work-related injury, an impairment rating of zero percent of the whole person was proper.

In response to the DIME physician's report, employer filed another FAL on October 10, 2005, admitting to TTD benefits from November 10, 2004, "through" December 3, 2004, but indicating that claimant was entitled to only 0.29 weeks of disability, for a total TTD benefit of $121.72. Noting that the three-week period of TTD admitted in employer's October 10 FAL differed from the two days of TTD admitted in employer's May 2005 FAL, the division sent employer a letter on October 20, 2005, advising it of the discrepancy and requesting that a corrected FAL be filed within fifteen days. On October 26, 2005, employer submitted an amended FAL, correcting the admission to reflect a total of two days of TTD, and setting forth the previous admission in full. The corrected FAL was prepared on the standard form and included the required notice to claimant that objections must be filed within thirty days.

On November 10, 2005, claimant filed an objection to the FAL, and sought a hearing on the issues of permanent partial disability (PPD) benefits and post-MMI benefits, pursuant to *Grover v. Industrial Commission,* 759 P.2d 705 (Colo.1988). It is undisputed that the objection and application for hearing were filed thirty-one days after employer filed the October 10, 2005, FAL.

After conducting a hearing, the ALJ determined that employer's October 10 FAL complied with the statutory requirements and was not deficient. The ALJ therefore concluded that because claimant did not object to the first FAL within thirty days as required by statute, all issues raised in the first FAL—except TTD, which required correction of the period of disability—were automatically closed by operation of law. Claimant's request for additional benefits was, therefore, denied and her claim dismissed. This appeal followed.

## I. Timeliness of Second FAL

Claimant contends that a second FAL, filed within thirty days of a first FAL, supersedes the first FAL and extends the time before the automatic closure of all issues raised in the corrected FAL. She argues that because the corrected FAL superseded employer's October 10 FAL, the Panel erred in affirming the ALJ's determination that claimant's objection, filed thirty-one days later, was untimely. We agree.

We are bound by the factual determinations of the ALJ, if they are supported by substantial evidence in the record. *Pacesetter Corp. v. Collett,* 33 P.3d 1230, 1234 (Colo.App.2001). We may only set aside the decision of the Panel in certain statutorily mandated circumstances, including if the Panel's decision is not supported by the applicable law. § 8–43–308, C.R.S.2007. Therefore, we are restricted "to a review of *legal* errors in workers' compensation cases." *Martinez v. Reg'l Transp. Dist.,* 832 P.2d 1060, 1061 (Colo.App.1992).

After a physician's report is filed with the division, an employer may submit an FAL notifying the claimant that the employer is making a final admission, the claimant may contest the FAL, and

> the case will be automatically closed as to the issues admitted in the final admission *if the claimant does not, within thirty days after the date of the final admission, contest the final admission in writing and request a hearing* on any disputed issues that are ripe for hearing, including the selection of an independent medical examiner pursuant to section 8–42–107.2.

§ 8–43–203(2)(b)(II), C.R.S.2007 (emphasis added).

The automatic closure of issues raised in an uncontested FAL is "part of a statutory scheme designed to promote, encourage, and ensure prompt payment of compensation to an injured worker without the necessity of a formal administrative determination in cases not presenting a legitimate controversy." *Dyrkopp v. Indus. Claim Appeals Office,* 30 P.3d 821, 822 (Colo.App. 2001). Once a case has automatically closed by operation of the statute, "the issues re-

solved by the FAL are not subject to further litigation unless they are reopened pursuant to § 8–43–303, C.R.S. [2007]." *Berg v. Indus. Claim Appeals Office,* 128 P.3d 270, 272 (Colo.App.2005).

Here, the ALJ determined that employer's October 10, 2005, FAL complied with the requirements of § 8–43–203(2)(b)(II), was not deficient, and constituted adequate notice to claimant of her obligations. Consequently, the ALJ determined that all issues not objected to within ·thirty days of the first FAL were closed, except for the corrected TTD issue, which remained open until thirty days after the October 26, 2005, corrected FAL was submitted.

### A.   Jurisdiction

Initially, we reject employer's contention that the ALJ and Panel properly dismissed claimant's challenge to the issues of MMI and PPD for lack of jurisdiction. Employer argues that "jurisdiction was lost" when claimant failed to respond to the first FAL within thirty days as required by section 8–43–203(2)(b)(II). In making this argument, employer conflates the issues of jurisdiction and failure to comply with a statutory provision.

■ A court's jurisdiction consists of two elements—jurisdiction over the parties, or personal jurisdiction, and jurisdiction over the subject matter of the issue to be decided, or subject matter jurisdiction. *Brown v. Silvern,* 141 P.3d 871, 873 (Colo.App.2005); *see also People in Interest of Clinton,* 762 P.2d 1381 (Colo.1988).

■ Subject matter jurisdiction involves a court's power to resolve a dispute in which it renders judgment. A court has subject matter jurisdiction if "the case is one of the type of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority." *Horton v. Suthers,* 43 P.3d 611, 615 (Colo.2002) (quoting *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508, 513 (Colo.1986)).

■ These concepts apply to the authority of an administrative agency as well. *See generally·Wilson v. Town of Avon,* 749 P.2d 990, 992 (Colo.App.1987).

Here, there is no question that the ALJ and the Panel had subject matter jurisdiction to consider claimant's MMI and PPD issues regarding workers' compensation. Thus, the subject matter jurisdiction of the ALJ and the Panel are not implicated.

Nor is there any issue of personal jurisdiction, because the parties do not dispute that claimant properly filed her initial administrative appeal request.

■ Once a court's subject matter jurisdiction is properly invoked, a party's failure to comply with procedural requirements may, but does not require, dismissal of the action. *See SMLL, L.L.C. v. Peak Nat'l Bank,* 111 P.3d 563, 566 (Colo.App.2005). For example, in *People in Interest of Clinton,* the supreme court held, in a mental health certification proceeding, that noncompliance with a statutory requirement to appoint counsel forthwith did not implicate personal or subject matter jurisdiction and, therefore, did not create a jurisdictional defect depriving the court of authority to preside over the mental health certification proceeding at issue. 762 P.2d at 1388; *see also SMLL, L.L.C.,* 111 P.3d at 566 (citing other cases where failure to comply with statutory time limits did not divest court of subject matter jurisdiction).

■ Because the statute at issue here involves the period to respond to an FAL, it does not implicate the subject matter jurisdiction of the ALJ or the Panel. *Cf. Cornstubble v. Indus. Comm'n,* 722 P.2d 448, 449 (Colo.App.1986) (time for filing petition for review with court of appeals under former section 8–53–111(8), now codified as section 8–43–301, C.R.S.2007, was jurisdictional). Accordingly, we conclude that the ALJ and the Panel did not lack jurisdiction to consider claimant's response to the second FAL.

*Peregoy v. Industrial Claim Appeals Office,* 87 P.3d 261, 264 (Colo.App.2004), relied on by employer, is not to the contrary. There, the division held that a claimant has thirty days after the date the employer files an FAL to file an application for a hearing under section 8–43–203(2)(b)(II). However, the division in *Peregoy* did so in the context of rejecting the claimant's contention that a

claimant may file an objection to an FAL without identifying a contested issue. More significant, *Peregoy* is distinguishable because it did not involve the filing of a second, corrected FAL, as was the case here.

### B. Does Second FAL Supersede First FAL?

Claimant argues that where, as here, a corrected FAL is filed within the initial thirty-day objection period, "the first admission is superseded in its entirety." In support of her position, claimant relies upon a prior decision of the Panel, *Abell v. H & R Wood Products, Inc.*, W.C. No. 3–620–257 9 (May 4, 1989). In that case, the Panel noted:

> [W]here a second final admission is filed before the sixty-day [now thirty-day] period for the initial admission expires, the first admission has been superseded in its entirety. Under these circumstances, finality does not attach to the initial admission, and the case remains open during the sixty-day period following the second admission.

*Id.*

While we are not bound by earlier Panel decisions, *Olivas–Soto v. Indus. Claim Appeals Office*, 143 P.3d 1178, 1180 (Colo. App.2006), we give deference to reasonable interpretations of a statute adopted by the agency charged with its administration. *Sigala v. Indus. Claim Appeals Office*, 159 P.3d 785, 787 (Colo.App.2006) (*cert. granted* May 29, 2007); *Dillard v. Indus. Claim Appeals Office*, 121 P.3d 301, 304 (Colo.App. 2005), *aff'd*, 134 P.3d 407 (Colo.2006).

We conclude that the interpretation of the FAL statute set forth in *Abell* is reasonable and consistent with the expectations of parties to workers' compensation cases. Although issues raised in an FAL automatically close if not contested within thirty days under section 8–43–203(2)(b)(II), where a second FAL is issued before that time period expires, a claimant could be confused by the apparently overlapping objection periods.

One of the purposes of an FAL is to ensure claimants receive accurate and timely notice of their rights and obligations under the statute, including the right and obligation

to file timely objections to an FAL. *See Lobato v. Indus. Claim Appeals Office*, 105 P.3d 220, 226–28 (Colo.2005) (where claimant was not accurately notified of time period for objecting to FAL, time limits for requesting DIME did not apply). Where, as here, the second FAL reasserts all the admissions contained in the first FAL, modifies the TTD admission, and expressly notifies the claimant that he or she must "within 30 days, complete the attached objection form," the claimant could be confused as to when the thirty-day objection period expires. We note, too, that the thirty-day notice included by employer in the corrected, October 26, 2005, FAL could only be given effect if the thirty-day objection period commenced when the corrected FAL was submitted.

Moreover, in issuing its request for a corrected FAL, the Division gave no indication when the period for objecting would close. Instead, the letter noted the discrepancy and asked for a complete, corrected FAL within fifteen days. A claimant must be able to rely on pronouncements and instructions received from an agency. *See generally Wilson v. Bd. of County Comm'rs*, 992 P.2d 668, 670 (Colo. App.1999) (date of adoption of revised resolution by board of county commissioners constitutes "point of administrative finality for purposes of C.R.C.P. 106(b)").

Here, the Division's letter made clear that a corrected FAL was required but provided no instruction as to when the objection period would commence to run. The omission of such direction led claimant reasonably to believe she had thirty days subsequent to the submission of the corrected FAL to review it and file any objections to issues endorsed in it, notwithstanding the notice provisions of the original FAL.

### II. Physician's Conflict of Interest

Claimant also contends that the Panel erred in affirming the ALJ's order because the order did not address her claim that the DIME physician had a conflict of interest. Although she did not object to the selection of the DIME physician, claimant's application for hearing endorsed the issue of the DIME physician's "failure to disclose conflict of interest and adversarial relationship with

[c]laimant's counsel," which claimant contended "should divest" her of the burden of overcoming the DIME by clear and convincing evidence. She argues that because the DIME physician had filed a grievance against her counsel in an unrelated matter, the resulting conflict of interest should have caused the physician to decline to examine her and his report should not have been given presumptive weight.

However, the ALJ did not address the issue of the DIME physician's alleged conflict of interest, and the Panel affirmed without commenting on the conflict of interest issue. Indeed, claimant concedes that neither the ALJ nor the Panel addressed this issue. Because this issue is not properly before us, we decline to address it. *See CF & I Steel Corp. v. Indus. Comm'n*, 731 P.2d 144, 146 (Colo.App.1986); § 8–43–307, C.R.S. 2007.

The order is set aside, and the case is remanded for further proceedings consistent with this opinion, including consideration of the conflict of interest issue.

Judge ROY concurs.

Judge TERRY concurs in part and dissents in part.

Judge TERRY concurring in part and dissenting in part.

I agree with the majority that the rule it espouses in part I of the opinion may better comport with the expectations of workers' compensation claimants, and, as a matter of public policy, would be more fair to claimants than the result reached by the Panel.

However, section 8–43–203(2)(b)(II), C.R.S. 2007, provides that a case is closed if the claimant does not contest the FAL in writing within thirty days. *See Peregoy v. Indus. Claim Appeals Office*, 87 P.3d 261, 264 (Colo. App.2004) (discussing automatic nature of case closure where no objection is filed within thirty days). That section contains no provision of additional time for claimants to respond in the event the employer files an amended FAL within the thirty-day period to contest the original FAL. Therefore, by operation of the statute, the case automatically closed before claimant filed her objection.

The automatic closure of issues raised in an uncontested FAL is "part of a statutory scheme designed to promote, encourage, and ensure prompt payment of compensation to an injured worker without the necessity of a formal administrative determination in cases not presenting a legitimate controversy." *Dyrkopp v. Indus. Claim Appeals Office*, 30 P.3d 821, 822 (Colo.App.2001). Once a case has automatically closed by operation of the statute, "the issues resolved by the FAL are not subject to further litigation unless they are reopened pursuant to [section] 8–43–303, C.R.S. [2007]." *Berg v. Indus. Claim Appeals Office*, 128 P.3d 270, 272 (Colo.App. 2005).

Because the case closed before claimant filed her objection, and the issues were not reopened under section 8–43–303, I respectfully dissent with respect to part I of the opinion.

However, I concur in part II of the opinion.

For these reasons, I would affirm the decision of the Panel.