23CA2245 Atencio v ICAO 08-01-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA2245 Industrial Claim Appeals Office of the State of Colorado WC No. 5-154-394 Kevin Atencio, Petitioner, v. Industrial Claim Appeals Office of the State of Colorado, Rio Grande County, and County Workers’ Compensation Pool, Respondents. ORDER AFFIRMED Division III Opinion by JUDGE BERNARD* Dunn and Moultrie, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 1, 2024 Michael W. Seckar, P.C., Lawrence D. Saunders, Pueblo, Colorado, for Petitioner No Appearance for Respondent Industrial Claim Appeals Office Dworkin, Chambers, Williams, York, Benson & Evans, P.C., Gregory K. Chambers, Denver, Colorado, for Respondents Rio Grande County and County Workers’ Compensation Pool *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
 1 ¶ 1 This is a workers’ compensation case. A claimant, Kevin Atencio, asks us to review a final order of a panel of the Industrial Claim Appeals Office affirming a determination by an administrative law judge. The judge had decided that, in order to recoup an overpayment, the respondents — Rio Grande County and its insurer, County Workers’ Compensation Pool — did not need to reopen the claim after filing a final admission of liability. We affirm. I. Background ¶ 2 The claimant suffered an admitted work-related injury to his right shoulder in February 2020. He was placed at maximum medical improvement in January 2022 with a 17% upper extremity impairment rating. Respondents filed their final admission of liability, which we shall shorten to “admission,” in January 2022. In it, they admitted that they were liable to the claimant for $11,347.02 in partial permanent disability benefits, which we shall shorten to “disability benefits.” They also claimed that claimant had been overpaid $486.21 in other payments, which was to be collected from the disability benefits. The respondents did not claim any other overpayment, and they paid the full disability benefit to the claimant. 
 2 ¶ 3 The claimant objected to the admission, requesting a hearing to convert the partial impairment rating to a whole person rating. The respondents then endorsed the issue of apportionment, which was based on a right shoulder injury rating the claimant had received in a prior claim that arose from a separate March 2006 work-related injury. ¶ 4 In August 2022, after a hearing on the claimant’s conversion claim and the respondents’ apportionment request, the judge denied the claimant’s request for a whole person impairment rating and decided that the respondents were entitled to an apportionment of the current rating. Rejecting the claimant’s argument that the admission closed any issue regarding apportionment, the judge found that the claimant’s conversion request implicated the entire disability award and, therefore, the admission was not closed with respect to the respondents’ apportionment request. In apportioning the disability benefits, the judge found that the claimant was not entitled to benefits for his most recent claim because the prior injury’s rating exceeded the new injury’s rating. ¶ 5 In December 2022, the respondents filed an application for a hearing, and they endorsed recoupment of an overpayment as the 
 3 issue to be determined at the hearing. They did not file a petition to reopen the claim, and they did not check the box for reopening the claim on the hearing application. ¶ 6 At the May 2023 hearing on the respondents’ application, the claimant argued that the judge did not have jurisdiction to determine the overpayment issue because (1) the issue had been closed by the January 2022 admission; and (2) the respondents never endorsed reopening as an issue to be considered. The judge rejected the claimant’s jurisdiction argument, deciding that “it [was] by no means certain that the issue of overpayment was closed by the [admission], which was issued before the August 2022 decision that found [the] respondents are entitled to apportionment.” Noting that panels of the Industrial Claim Appeals Office had previously issued opinions in other cases stating that “an overpayment . . . created by [a judge’s] order was not ripe for determination before that order was issued,” the judge concluded that the overpayment issue was not closed because it had not existed until the August 2022 order. ¶ 7 The judge further determined that, even assuming the overpayment issue was closed, nothing in section 8-43-303, C.R.S. 
 4 2023, mandated the filing of a formal petition to reopen a claim to confer jurisdiction on him to determine whether there was an overpayment. As a result, the judge concluded that neither the filing of a petition to reopen nor endorsing it in an application for a hearing were jurisdictional prerequisites to reopening the claim. ¶ 8 On review, the panel affirmed the judge’s decision and rejected the claimant’s argument that the judge lacked jurisdiction to address the overpayment issue. Specifically, the panel concluded that the overpayment issue (1) was not closed by the respondents’ admission because the claimant had contested it; and (2) the judge’s August 2022 order created the overpayment, not the respondents’ admission. The panel therefore agreed with the judge that the respondents were not required to petition for reopening or otherwise required to endorse reopening before the judge could address recoupment of the overpayment. II. Standard of Review and Applicable Law ¶ 9 We defer to the judge’s findings of fact when they are supported by substantial evidence in the record, but we review the agency’s conclusions of law de novo. See Pinnacol Assurance v. Hoff, 2016 CO 53, ¶ 24. As is relevant to this case, we may set 
 5 aside the panel’s decision if (1) the findings of fact are not supported by the evidence; (2) the findings of fact do not support the order; or (3) the award or denial of benefits is not supported by applicable law. § 8-43-308, C.R.S. 2023. ¶ 10 Subject matter jurisdiction involves a court’s power to resolve a dispute in which it renders judgment, Leewaye v. Indus. Claim Appeals Off., 178 P.3d 1254, 1257 (Colo. App. 2007), and a court maintains that subject matter jurisdiction if the case is one of the types of cases that the court has been empowered to decide, Horton v. Suthers, 43 P.3d 611, 615 (Colo. 2002). A court’s authority to act within a class of cases in which it has subject matter jurisdiction may be constrained by statute, rule, or case law. People In Interest of T.W., 2022 COA 88M, ¶ 34. ¶ 11 Administrative law judges are required to hold hearings to determine any controversy concerning workers’ compensation issues, and they are empowered to issue orders, dismiss issues in a case, and require repayment of overpayments. § 8-43-207(1)(k), (n), (q), C.R.S. 2023. ¶ 12 A workers’ compensation case automatically closes as to issues admitted in the admission if the claimant does not, within 
 6 thirty days after the date of the admission, contest it in writing and ask for a hearing on any disputed issues that are ripe for a hearing. § 8-43-203(2)(b)(II)(A), C.R.S. 2023; Leewaye, 178 P.3d at 1256; see also Dyrkopp v. Indus. Claim Appeals Off., 30 P.3d 821, 822 (Colo. App. 2001)(an uncontested admission automatically closes a case as to issues admitted in the admission). Once a case has been closed by the filing of an uncontested admission, the issues raised in it cannot be litigated further unless the claim is reopened under section 8-43-303. See Berg v. Indus. Claim Appeals Off., 128 P.3d 270, 272 (Colo. App. 2005). In cases involving an overpayment, as described in section 8-42-113.5, C.R.S. 2023, the judge shall order recovery of overpayments in accordance with that section. § 8-43-303(1). ¶ 13 When the claim in this case arose, section 8-40-201(15.5), C.R.S. 2020, defined an overpayment as “money received by a claimant that exceeds the amount that should have been paid.” The statute addressing overpayments provides that a party may recover an overpayment after an admission has been filed, provided that any such request for a recovery is “asserted within one year 
 7 after the time the requester knew of the existence of the overpayment.” § 8-42-113.5(1)(b.5)(I). III. Discussion ¶ 14 The claimant contends that the panel erred when it decided that the overpayment arose out of the judge’s order instead of out of the filing of the admission. Specifically, he asserts that the admission closed the case as to the overpayment issue because the overpayment originated from the admission in which the respondents admitted to owing the claimant more disability benefits than he was entitled to when factoring in the prior injury. So, the claimant finishes up, because the respondents did not seek to reopen the case, the judge lacked jurisdiction to consider their recoupment claim. We are not persuaded. ¶ 15 The claimant’s contention concerning the judge’s jurisdiction to order repayment of the overpayment rests on the assumption that the respondents’ January 2022 admission closed the case, meaning that the respondents had to petition for reopening to give the judge jurisdiction to order repayment of the overpayment. But automatic closure only occurs for uncontested issues in the admission. See Dyrkopp, 30 P.3d at 822. 
 8 ¶ 16 In this case, the claimant contested the admission and sought to have the disability rating converted to a permanent total disability rating. In response to that request, the respondents asked the judge to apportion the disability rating based on the claimant’s prior injury to the same body part. In his August 2022 order, the judge decided that the claimant’s claim concerning conversion to a whole person rating implicated the entire disability award, not just the impairment rating for the current injury. The judge therefore concluded that the case had not been closed by the admission. ¶ 17 The record before us supports the judge’s decision. Because the claimant contested the admission’s assessment of disability benefits, the claim regarding those benefits was not closed. See id. Consequently, we conclude that the panel did not err when it affirmed the judge’s decision that the reopening provisions of section 8-43-303 did not apply to respondents’ request to recoup the overpayment because the admission did not close the claim for disability benefits. ¶ 18 Contrary to the claimant’s assertion, the overpayment was not created by the admission. Rather, as the judge and the panel 
 9 decided, the overpayment did not exist until the judge determined that the claimant’s current disability rating was affected by the prior injury. In other words, the judge’s determination that the claimant was not entitled to any disability benefits for this claim is what created the overpayment. As the judge decided, the overpayment issue was not ripe for determination before the August 2022 order was issued, and the respondents did not have to file a petition to reopen or endorse reopening to have the judge consider that issue. See Jiron v. Douglas Cnty. Sch. Dist. RE 1, W.C. No. 4-636-107, 2009 WL 3759670, at *3 (Colo. I.C.A.O. Nov. 4, 2009)(issue was not ripe before the judge’s order established respondent’s liability for permanent disability benefits). ¶ 19 In reaching this conclusion, we reject the claimant’s contention that, because the respondents knew about his prior injury when they filed the admission, they correspondingly knew that the disability amount to which they had admitted constituted an overpayment. Regardless of whether the respondents knew or should have known about the claimant’s prior injury, (1) because the claimant’s challenge to the admission implicated the entire disability award; (2) any overpayment issue could not have been 
 10 known at the time the admission was filed; since (3) the amount of the disability payment was disputed until the judge decided the apportionment of the injury. ¶ 20 Finally, even if we accept, for purposes of argument, that the claimant’s assertion that the claim for the overpayment was closed upon the filing of the admission, we still conclude that the filing of a petition to reopen was not a jurisdictional prerequisite for the judge to determine the amount of overpayment and order repayment of it. ¶ 21 Section 8-42-113.5(1)(b.5)(I) expressly addresses recovery of an overpayment. It provides that, except in cases of fraud, any attempt to recover an overpayment after an admission has been filed shall be asserted within one year after the time the requestor knew of the existence of the overpayment. As the panel decided, the respondents sought to recoup the overpayment just months after the judge determined that the claimant was not entitled to any disability benefits from the injury in this case. And, as we have discussed above, it was the judge’s August 2022 decision regarding apportionment that created the overpayment. ¶ 22 Section 8-42-113.5(1)(b.5)(I) does not state that the party seeking the overpayment is required to file a petition to reopen to 
 11 recoup it. Rather, to recoup an overpayment, the statute only requires that the party file an application for hearing within one year of knowing about the existence of the overpayment. § 8-42-113.5(1)(b.5)(I). ¶ 23 We therefore agree with the panel that the respondents were not required to reopen the claim to recoup the overpayment of disability benefits. By filing an application for hearing to recoup the overpayment within one year of the order that created the overpayment, the judge had jurisdiction to hear the overpayment issue and to order the claimant to repay any overpayment. See § 8-43-207(1)(q) (authorizing judges to order repayment of overpayments); see also Horton, 43 P.3d at 615. ¶ 24 The panel’s order is affirmed. JUDGE DUNN and JUDGE MOULTRIE concur.